## THE STATE OF IOWA v. THOMPSON.

1. **Criminal law:** EVIDENCE: VARIANCE. A merely technical variance between the evidence and the charge set out in the indictment should be disregarded.

2. **Evidence:** ISSUE IN ANOTHER SUIT. The record of the pleadings filed in a cause is the best evidence of the issues joined thereon.

3. **Criminal law:** FORGERY. Forgery is the signing by one, without authority and falsely, and with intent to defraud, the name of another to an instrument which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability.

4. **Instruction:** HYPOTHETICAL. An instruction to the jury that *if* the defendant did certain acts specified, they should infer a fraudulent intent, is not obnoxious to the objection that it assumes facts as proved.

5. **Evidence:** OF PLACE. That a defendant resided in a certain county and produced a forged instrument on the trial of a cause in that county, may be considered by the jury as tending to show that the forgery was committed in the same county.

*Appeal from Clinton District Court.*

THURSDAY, OCTOBER 12.

INDICTMENT for forgery. Verdict of guilty with judgment thereon; from which defendant appeals.

*Wm. E. Leffingwell* for the appellant.

*Isaac L. Allen,* Attorney-General, with whom is *C. C. Nourse,* for the State.

COLE, J. — I. The indictment charges, that the defendant, "with intent to defraud F. B. Skiff, a resident of Clinton county, did falsely make and forge an instrument in writing, in the language and figures following, to wit: 'Ravenna, Aug. 6th, 1856, received of F. B. Skiff, a promissora not gainst S.

1. CRIMIN-
AL LAW:
evidence:
variance.

A. Thompson, bairing date Feby 12th, 1850, of which i am to have $100.00 on hundred dolars when collected, or i am to pay fifty dolars at the end of thre years from date, F. B. SKIFF.' The said writing, purporting to be the act of the said F. B. Skiff, and to create a pecuniary demand against the said F. B. Skiff contrary, &c."

On the trial, the State offered to read in evidence to the jury, an instrument of writing, precisely like the copy set out in the indictment, except that it was signed T. B. Skiff instead of F. B. Skiff. The defendant objected, but the court overruled the objection and admitted the evidence; and such ruling is assigned as error.

The technical exactness of the common law, as enforced in criminal prosecutions, whereby many guilty persons escaped the just penalties due their crimes, and which justly became the reproach of that system of jurisprudence, has been wisely superseded in this State by the Revision of 1860. See Revision, §§ 4650, 4656, 4657, 4659, 4660, 4667 and 4925.

It is now sufficient, if the offense is charged in ordinary language, in such manner as to enable a person of common understanding to know what is intended. Rev., §§ 4650, 4659. So, if the proof offered to support the charge is such as would not mislead a person of common understanding, it should be held competent, since no greater strictness ought to be required in *proving* an offense than is required in *charging* it.

By the application of the statutory standard of capacity, to the language used in the indictment to charge the offense, it will be seen that there is no possible chance of misleading the defendant by the use of the signature T. B. Skiff, instead of F. B. Skiff, to the alleged forged instrument, or in admitting in evidence the paper signed T. B. Skiff, to prove the charge alleged as F. B. Skiff. By reference to the language used in the indictment immediately pre-

ceding and immediately following the copy of the alleged forged instrument as set out therein, it will be seen that the defendant is charged with forging the instrument with intent to defraud F. B. Skiff; and that the said writing purported to be the act of F. B. Skiff, and to create a pecuniary demand against the said F. B. Skiff.

Now, since the forging of the signature of T. B. Skiff, would not show an intent to defraud F. B., nor purport to be the act of F. B., or to create a demand against F. B., it becomes, in the light of a "common understanding," tolerably reasonable, that the letter T. is a mere clerical error and was intended for F. We think that both the spirit and language of the Revision justifies the ruling of the District Court; and it is especially provided by the Revision, § 4925, that "the Supreme Court must, on appeal, examine the record, and without regard to technical errors or defects, which do not affect the *substantial rights* of the parties, render such judgment on the record as the law demands." Without, therefore, regarding the technical defect complained of, we affirm the action of the District Court in this particular.

II. Upon the trial in the District Court, it was proved that the defendant, in this prosecution, had sued F. B. Skiff before a justice of the peace, and had filed the alleged forged instrument, with an account, as the basis of his action. The record and papers of the suit before the justice, were introduced in evidence by the State. The defendant then introduced one of the jurors who tried the case before the justice, and asked him if the genuineness of the signature to the alleged forged instrument was in issue in that suit. The district attorney objected to the question, which objection was sustained; but the court allowed the witness to testify as to all the evidence given on the said trial. To this action of the court the defendant's counsel excepted.

2. EVI-
DENCE:
issues in
another
suit.

There is no good ground for this exception. The pleadings, which were in writing, and entered on the docket of the justice, were the best evidence of the issues; and, since the court allowed the witness to testify as to all that was proven on that trial, the defendant could not possibly be prejudiced. To allow the juror to state his opinion as to what the issues were, would have been unprecedented as it is unauthorized.

III. It appears from the testimony in the cause, that at the time of the date of the alleged forged instrument 3. CRIMI- the defendant sold a horse to the prosecuting NAL LAW: forgery. witness, F. B. Skiff, both being then residents of the State of Ohio; that Skiff gave to defendant, in payment for the horse, a note on S. A. Thompson for about two hundred and fifty dollars, with the understanding and agreement that if defendant could collect the note, he was to retain one hundred dollars for the horse and pay balance to Skiff; but if he could not collect in three (or four) years, then Skiff was to pay defendant fifty dollars.

After the defendant had sued Skiff upon the alleged forged instrument and recovered judgment, Skiff had him arrested on the charge of forgery, and upon preliminary examination had, the defendant was discharged. At the time of his discharge, and after the examination was over, the defendant took from his pocket an old looking paper, of which the following is a copy: "Ravenna, Aug. 6, 1856. Received of E. E. Thompson a promisory note against S. A. Thompson baring date February 12th, 1850, of which i am to have one hundred dollars when colected or fifty in 4 years from date if not colected. F. B. SKIFF." That as he took it out, defendant asked Skiff if he had got through with him, and handed this paper to him. Skiff testified that this paper was genuine, and was given at the time of the making of the contract of purchase of the horse.

The defendant claimed in the District Court that the alleged forged instrument was not, if genuine, of any legal efficacy, and could not be the basis of a prosecution for forgery, and now presses the same point in this court. Upon this point we cannot better express our views than by the use of the language employed by the district judge who tried the cause below in his charge to the jury: "Forgery is the signing by one without authority, and falsely and with intent to defraud the name of another to an instrument which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. *The State of Iowa* v. *Pierce*, 8 Iowa, 231. Tested by this rule, would the instrument set forth in the indictment, assuming it to be genuine, create any legal liability, or be the foundation of any legal liability against F. B. Skiff." .

That instrument concludes: "Or I am to pay fifty dollars at the end of three years from date. F. B. SKIFF."

This would be a promise, on the part of Skiff (if the instrument were genuine), to pay the fifty dollars to the person to whom it was delivered, or who should be in possession of the same. If defendant forged the instrument, he would be in possession of it, and he could use it (assuming it to be genuine) as the foundation of a legal liability against Skiff to the extent of fifty dollars.' By this process of reasoning, I conclude that if such an instrument as the one set out in the indictment were forged with intent to defraud, the offense of forgery would be complete.

If to this reasoning we add the practical fact, that this identical alleged forged instrument was used by the defendant as the foundation of a legal liability against F. B. Skiff, and that he actually recovered judgment thereon, which remains unreversed and in full force, the question seems to be placed beyond controversy. There was no error in the ruling of the District Court upon this point. '

IV. The court, among other things, instructed the jury, that "If the defendant, without authority from Skiff, forged his name to said paper and then sued Skiff, and used said paper on the the trial as evidence of his claims against Skiff, it is your duty to infer an intent to defraud." This portion of the instructions is objected to, on the alleged ground that it assumes that those facts are established. This objection is unfounded in fact, for the instruction says to the jury, if the defendant did those acts, which it leaves for the jury to determine, then they will infer, &c. It would have been preferable and more unmistakable, if the court had used the more formal and usual phrase, that "if the jury believe from the evidence," the defendant did, &c. But the language used is not vulnerable to the imputation of assuming facts to the jury as proved in the case.

*4. INSTRUCTIONS: hypothetical.*

V. The only other portion of the charge to the jury which is assigned and urged as error, is as follows: You must be satisfied from all the evidence and circumstances that the instrument was forged within this county. If the defendant, residing in this county, produced the instrument in the suit, before the justice in this county, these are circumstances to be considered by the jury, on the question as to the *place where* the alleged forgery was committed. If an instrument bears date at a certain place, and if it is found that the defendant was there at that time, this is evidence that it was made at that place. 3d Greenl. on Ev., § 112.

*5. —— evidence of place.*

It is only as to the first branch of this instruction that the defendant's counsel objects. But it is apparent that if the jury were not allowed to take those and like facts into consideration, in determining the place where the forgery was committed, and were limited to the last fact of instruction, as to the place it bears date, it would be

very easy for any forger to defeat a prosecution by the use of a little skill in framing and dating his forgery.

The facts stated, together with the appearance of the forged paper as to its apparent age or newness, and many other facts, were proper to be considered by the jury in determining the question of the place of the forgery. The court did not err in giving the instruction.

VI. The evidence is somewhat conflicting, and is really quite meagre on one or two of the essential ingredients of the crime. But the case seems to have been very fairly put to the jury, and while we might, as an original question, have come to another conclusion, there is not such a state of proof as will justify us in interfering with their verdict.

Since it appears, however, that there was no real controversy as to the fact that Skiff owed the defendant the amount claimed by him, and recovered before the justice (less one year's interest), and that defendant, who is now quite aged, has always up to this charge sustained an excellent character among his neighbors, and the absence, in this case, of that gross moral turpitude usually characterizing forgery, we have concluded to reduce the period of imprisonment from one year to one day; otherwise the judgment will stand, the defendant to pay costs.

Affirmed.

Lowe, J., dissenting.