Miller, J.
The first error assigned raises the question of the sufficiency of the indictment, wherein it charges the defendant, with the larceny of “ $180 in bank notes, usually known and described as greenbacks.” Without doubt, it was practicable to have described the property stolen with *498 more clearness and exactness. But we are of opinion that the language is such as to “ enable a person of common understanding to know what is intended.” It may be true that, in exactness of speech, a bank note is not a greenback, or rather that what are commonly known and described as greenbacks are not strictly bank notes. But what is it that distinguishes a bank note or bank bill from other evidences of indebtedness ? It is, that it is intended to and does, in fact, circulate as money, and this is the distinguishing quality of the United States treasury notes (which are promises to pay like bank notes), “ commonly known and described as greenbacks.” Every man, woman and child, almost throughout the whole countiy, knows them by this common description, and when the term “ greenback ” is mentioned they at once understand that a United States treasury note, which circulates as money, is intended.
The crime being charged in such a manner as to enable a person of common understanding to know what is intended and the court to pronounce judgment, etc., the indictment under the statute is sufficient. Rev., § 4659, subdivision 5.
II. The next question is as to the sufficiency of the evidence to support the verdict.
One thing is patent from the testimony that Hockenberry and the witnesses, Gib. Hankins and the two Haggertys, were equally concerned in the plot to rob Curtis of his money before he should escape from them. It is equally certain that Curtis came out of their hands utterly fleeced. Hockenberry was the brains of the gang of thieves he that night headed, and the witness, Gib. Hankins, although an accomplice, is corroborated by his mother connecting the defendant with the commission of the crime. The corroboration not only shows that the offense was committed, but it tends strongly to connect the defendant with it.
*499 Young Hankins, the accomplice, swears that while he, the defendant, Haggerty and Curtis were playing cards' together, after Curtis had become drunk enough to become reckless with his money and pocket-book, which he took out and laid down on the table, the defendant reached over and took it and then said to John Haggerty “let’s go out,” etc. Martha G-. Hankins, the mother of young Hawkins, swears that the next morning after Curtis was robbed, the defendant came to her house and asked for Gib. Hankins, that defendant came into the house; that she called her son up; that defendant said “ Gib., put on your boots and go down town with methat she told him they could do their business in her house. That thereupon defendant pulled out a roll of money and said “ here is some money for you,” and others; Gib., “ you know where I got it,” and said, “ Gib., did we not do that right slick. If you tell about it I will kill you.”
The appellants’ counsel comments upon the bad character of the witness, Gib. Hanldns. His character is not good, it is true, but he is not contradicted on any material matter by any witness, except some of those, who, like him, were accomplices older in crime and equally unreliable. He is strongly corroborated by his mother, who stands unimpeached, and the verdict is clearly according to their testimony.
III. The third error assigned is, the refusal of the court to grant a new trial on the ground of misconduct of James McLaughlin, one of the jurors.
The only evidence of the charge against the juror is the single affidavit of James McOollister. On the other hand the juror pointedly denies the charge imputed to him, and so fully and fairly explains the conversation referred to by McOollister in his affidavit, as to make it clear that McOollister was mistaken. In addition to the affidavit of the juror, McLaughlin, are the affidavits' of the other ten jurors who served with him, who fully sustain him, and make it *500 manifest that there was no ground whatever for the charge of misconduct.
The judgment of the district court is
Affirmed.