THE STATE v. LANE.

1. **Criminal Law**: RECEIVING STOLEN GOODS: INDICTMENT. The crime of receiving stolen goods, defined by § 3911 of the Code, may be committed by receiving stolen property, knowing it to be stolen, or by knowingly receiving property which has been obtained by burglary or robbery. In this view, the indictment in this case (see opinion) *held* sufficient.

*Appeal from Tama District Court.*

FRIDAY, MARCH 19.

THE indictment charges that certain described personal property was of the " value of $1,235, and was then and there the property of   *   *   *   before then feloniously and burglariously stolen, taken and carried away by one Jesse Davis,   *   *   *   the defendant unlawfully and feloniously did receive and have, he, the said Thomas Lane, then and there well knowing the said goods, chattels and property to have been feloniously stolen, taken and carried away." Trial by jury. Verdict, guilty; and judgment. The defendant appeals.

*Stivers & Louthan* and *J. A. Merritt*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

SEEVERS, J.—I.   The indictment was found under section 3911 of the Code, which provides: " If any person buy, receive, or aid in concealing, any stolen goods, or any property the stealing of which is declared to be larceny, or property obtained by robbery or burglary, knowing the same to have been so obtained, he shall be punished," etc.   It is said the indictment is insufficient because it does not charge that the " defendant obtained the property by burglary."   The crime defined by the statute may be committed by receiving stolen property knowing it to be such, or by knowingly receiving

property which has been obtained by means of burglary or robbery. It is not essential that the property be obtained by burglary or robbery, but if it was obtained by stealing it, this is sufficient if it was received with knowledge of the theft. The word "burglariously," as used in the indictment, may therefore be rejected as surplusage. In addition to this, if a person "feloniously and burglariously" steals property, he is clearly guilty, in our opinion, of larceny; and therefore the objection urged to the indictment. is not well founded. It follows that the first instructions asked by the defendant was properly refused. The instructions given are clearly correct, in our opinion; and therefore the judgment must be

AFFIRMED.