OF

## THE STATE OF IOWA,

AT

## DES MOINES, MAY TERM, A. D. 1893,

AND IN THE FORTY-SEVENTH YEAR OF THE STATE.

---

THE STATE OF IOWA, Appellee, v. C. W. SMITH, Appellant.

1. Receiving Stolen Goods: INDICTMENT: SUFFICIENCY. An indict-ment charging that the defendant on a date named, in a certain county, "twenty-two pairs of striped pants * * * each pair of the value of five dollars, and all of the value of one hundred and ten dollars, of the goods and chattels and property of Mish & Company * * * then and there being lately feloniously stolen, did receive, buy and conceal, with the intent to defraud the said Mish & Company, owner thereof, and he, the said defendant, then and there well knowing said goods and chattels and property to have been feloniously stolen, as aforesaid, contrary to the statutes," etc., is not objectionable as being ambiguous and uncertain.

2. ———: INTENT NOT ESSENTIAL ELEMENT. Under the statutes of this state the intent with which stolen goods were received and concealed need not be averred or proved in a prosecution for such offense.

*Appeal from Boone District Court.*—Hon. J. L. STEVENS,
Judge.

THURSDAY, MAY 11, 1893.

THE defendant was indicted and convicted of the
crime of receiving stolen goods, knowing them to have
been stolen. He appeals.—*Affirmed.*

*E. L. Green,* for appellant.

*John Y. Stone,* Attorney General, and *Thos. A.
Cheshire,* for the State.

KINNE, J.—I. The indictment charges "that C.
W. Smith, on or about the fifth day of April, 1889, in

1. RECEIVING stolen goods: indictment: sufficiency.

the county of Boone, state of Iowa,
twenty-two pairs of striped pants, not all
of same color, but all striped, each pair
of the value of five dollars, and all of the value of one
hundred and ten dollars, of the goods and chattels and
property of Mish & Company, a partnership, the mem-
bers of which are J. J. Mish and S. L. Mish, then and
there being lately feloniously stolen, did receive, buy
and conceal, with the intent to defraud the said Mish
& Company, owner thereof, and he, the said C. W.
Smith, then and there well knowing said goods and
chattels and property to have been feloniously stolen,
as aforesaid, contrary to the statute," etc.

It is said that this indictment is insufficient; that
it is ambiguous and uncertain. The indictment clearly
charges the offense under our statute. It can not be
said that a person of common understanding would
not know therefrom what was intended to be charged.
*State v. Thompson,* 19 Iowa, 299; *State v. Johnson,* 26
Iowa, 407; *State v. Hockenberry,* 30 Iowa, 504; *State
v. Close,* 35 Iowa, 570. Besides, the indictment is
drawn in the form given in Wharton's Precedents of

Indictments and Pleas.    See, also, Wharton on Crim. Law, secs. 997–1003.

II. It is also urged that the court erred in giving the first paragraph of the charge. Counsel concede that, if the indictment is good in form, then this objection is not well taken. Holding, as we do, that the indictment is sufficient, we need give this alleged error no further consideration.

III. Claim is made that the court erred in giving to the jury the second and fourth paragraphs of its

2. ——: intent not essential element. charge. The alleged error is based on the fact that in instructing the jury as to what constituted the material allegations of the indictment, which must be established beyond a reasonable doubt, the question of the defendant's intent was ignored. Our statute says nothing about the intent. Under it the material facts which must be established are, that the goods must have been the property of the person mentioned in the indictment; that they had been recently stolen, taken, and carried away, by some person or persons, from the said owners; that the defendant bought, received, or concealed them, knowing them to have been stolen; and that said acts were done in the county and state, within three years immediately prior to the finding of the indictment in the case. The instruction contained all these facts. They are all that are essential, under the statute, to constitute the crime charged. Many authorities are cited from other states, holding that intent is a necessary ingredient of this crime. Whatever the law may be in that respect elsewhere, intent is not, by our statute, a necessary fact to be averred or proved in such a case. Even if intent was necessary to be shown to establish the defendant's guilt, it is difficult to conceive how he could have received, purchased, and aided in concealing stolen goods, knowing them to have been stolen, without having a guilty intent. *State v. Turner,*

19 Iowa, 144; *State v. Lane*, 68 Iowa, 384. The jury were plainly instructed as to the necessity of finding, beyond a reasonable doubt, every fact which, under the statute, is necessary to constitute the crime charged. More than this is not required.

IV. The fifth and sixth instructions are claimed to have been erroneous. We need not set them out. They both go to the question of the defendant's knowledge that the goods were stolen. We have carefully read these instructions, and have no doubt that they properly state the law.

V. Finally, it is said that the evidence was not sufficient to warrant a conviction. A careful reading of it satisfies us that the jury were fully justified in finding the defendant guilty. It is impossible to see, if the testimony on behalf of the state is to be believed, how any other result could have been reached.

We discover no other error in the case, and the judgment below is AFFIRMED.