**STATE of Iowa, Appellee,**

v.

**Dano PHILLIPS, Appellant.**

No. 96–1359.

Supreme Court of Iowa.

Oct. 22, 1997.

name as drawer on his former wife's bank check. Finding he did not, we reverse his forgery conviction.

## I. *Background Facts and Proceedings.*

In February 1995, Stephanie Tillman and her former husband, Dano Phillips, were living together. She had a checking account at Firstar Bank in Cedar Rapids, Iowa and had been furnished personalized checks imprinted with her name, social security number, phone number, and her current address. Although she was the only authorized signator on the account, both Phillips and Tillman made deposits in the account. Tillman managed the account because they agreed she was a better money manager.

After Tillman discovered some checks were missing from her checkbook, she contacted her bank and reported the checks stolen. Later, three missing checks were presented to her bank and the bank refused payment. The police recovered the checks and Tillman signed an affidavit stating that she did not sign the checks or authorize anyone to sign for her. She recognized the signature on the checks to be Phillips'. Two of the three checks were payable to Hy–Vee in the amounts of $26.40 and $46. The other check was payable to Drug Town in the amount of $46.02.

When contacted by the police, Phillips admitted he signed his name on the checks drawn on Tillman's checking account. Phillips was charged with forging checks belonging to Tillman in violation of Iowa Code section 715A.2 (1995). He pled *not guilty* to the charge. At trial the State called Tillman, a Hy–Vee employee, a Drug Town employee, and the police officer who had investigated the crime and had questioned Phillips.

After the State had presented its evidence and the defendant had rested without offering any evidence, Phillips' attorney moved for a directed verdict of acquittal. He argued there was insufficient evidence that Phillips committed the crime of forgery. The trial court denied the motion and submitted the charge to the jury. The jury found Phillips guilty of the crime of forgery.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Assistant State Appellate Defender, and Julie Bettenhausen, Student Legal Intern, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Denver D. Dillard, County Attorney, and Russell G. Keast, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

In this case we must determine if the defendant committed forgery by signing his

The court entered judgment and sentence upon the verdict. Phillips appealed.

## II. *Forgery.*

■■■ Phillips was charged, tried, and convicted of forgery in violation of Iowa Code section 715A.2(1)(b). This section provides in part:

1. A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that the person is facilitating a fraud or injury to be perpetrated by anyone, the person does any of the following:

   (a) . . . .

   (b) Makes, completes, executes, authenticates, issues, or transfers a writing so that it *purports to be the act of another* who did not authorize that act, . . . .

(Emphasis added.) The phrase "purports to be the act of another" is not expressly defined. When we interpret ambiguous language of a statute, our goal is to give effect to legislative intent. "In addition, when penal statutes are examined, they must be strictly construed, and we must resolve all doubts against the state and in favor of the accused." *State v. Kellogg*, 542 N.W.2d 514, 516 (Iowa 1996) (citation omitted). In determining the legislative intent of the forgery statute, we look not only to the language used but also consider former forgery statutes and the legislative history of section 715A.2.

### A. Early Forgery Law.

For over 125 years our forgery statute provided in part:

If any person, with intent to defraud, falsely make, alter, forge, or counterfeit any . . . instrument in writing, being or purporting to be the act of another, by which any pecuniary demand or obligation . . . is or purports to be created . . . he shall be punished by imprisonment in the penitentiary not more than ten years.

Iowa Code § 2624 (1851).[1] Under this statute, we expressed our view that "forgery is the signing by one without authority, and falsely and with intent to defraud the name of another to an instrument which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability." *State v. Thompson*, 19 Iowa 299, 303 (1865). We also defined forgery "as the false making or materially altering, with intent to defraud, of any writing, which, if genuine might apparently be of legal efficacy, or the foundation of a legal liability." *State v. Kendrick*, 173 N.W.2d 560, 561 (Iowa 1970) (citations omitted).

### B. Forgery Under the Iowa Criminal Code.

The Iowa Criminal Code was adopted in 1976. The forgery chapter was replaced with a new chapter entitled "False Use of a Financial Instrument." 1976 Iowa Acts ch. 1245, §§ 1501–06, at 565. This was a part of a massive criminal code revision that revised Iowa criminal laws and procedures effective January 1, 1978. *Id.* The 1978 revision was primarily a restatement of prior law. *Emery v. Fenton*, 266 N.W.2d 6, 8 (Iowa 1978). The new forgery statute defined the offense as:

The use of a financial instrument with the intent to obtain fraudulently anything of value by one who knows that the instrument is not what it purports to be, or who knows that he or she is not the person nor the authorized agent of the person who, as shown on the instrument, has the right to so use the instrument, shall constitute the false use of a financial instrument.

Iowa Code § 715.6 (1979).

We interpreted section 715.6 in *State v. Schoelerman*, 315 N.W.2d 67 (Iowa 1982). In *Schoelerman*, the defendant wrote two checks drawn on a bank where he had no account. The nonpersonal counter checks were furnished by the merchant to whom the checks were made payable. The defendant signed his own name as drawer to both checks.

We recognized section 715.6 was a consolidation of a number of forgery and forgery-related offenses which previously appeared in various parts of the prior Code. It was neces-

---

1. This statutory language remained substantially unchanged until 1978. *See* Iowa Code § 718.1 (1977).

sary that we distinguish the new fraudulent use of a financial instrument offense from the new theft provisions of the Code. *Schoelerman,* 315 N.W.2d at 73. The goal of section 715.6 was to combine in one offense all crimes that have a similar type impact on the integrity of the financial system. *Id.* "One of the main purposes of this consolidation is to eliminate overlap and duplication...." *Id.* To accomplish the legislative purpose, it was necessary to harmonize the provisions of section 715.6 with the "bad check" provisions of section 714.1(6) that provided that theft was committed when a person "makes, utters, draws, delivers, or gives any check ... on any bank, person or corporation, and obtains property ... in exchange therefor, if the person knows that such check ... or written order will not be paid when presented." Iowa Code § 714.1(6).

We held that the legislature did not intend to include within the forgery offense "the writing of a check, signed by the defendant-maker in his own name, which draws on a bank where the defendant has no account." *Schoelerman,* 315 N.W.2d at 73. We reached this conclusion because (1) the writing of such a check was generally not considered to constitute forgery, (2) the legislative goal of eliminating overlap and duplication by enacting the forgery statute and the more specific theft by bad check statute, applied to the writing of such check, and (3) the adverse impact of such a check on the financial system was not the same type or magnitude as that involved in the passing of a forged or altered check. *Id.* at 73–74. Under section 715.6, false use was defined as not being "what it purports to be" or not being "the person authorized to use it." Under this statutory definition, if a defendant signed his or her true name as the drawer of a worthless check, the check was still what it purported to be. *Id.* at 75.

C. Chapter 715A.

█ Chapter 715 was repealed in 1987 and a new chapter was enacted and codified as Iowa Code chapter 715A. 1987 Iowa Acts ch. 150, §§ 1–8. Phillips was prosecuted under the provisions of section 715A.2(1)(b).

We recently construed the language of section 715A.2(1)(b) in *State v. Brooks,* 555 N.W.2d 446 (Iowa 1996). We recognized the legislature had adopted verbatim the provisions of section 224.1 of the Model Penal Code. *Brooks,* 555 N.W.2d at 450. We presumed the legislature intended the statute to have the same meaning as explained in the comments to the model law. *Id.* Previous case law held if an agent overtly represented the authority to do what the person was doing (for example, by endorsing a check "Jane Smith, agent"), the person was not guilty of forgery. *Id.* The purpose of the model code language was to avoid this result. *Id.*

In *Brooks,* the defendant prepared a check on her employer's account in an amount not authorized by her employer. *Id.* at 447. On appeal she argued she did not commit forgery under section 715A.2(1)(b) because she was authorized to write checks on her employer's account; she had not made "a writing so that it purports to be the act of another who did not authorize that act." *Id.* We held "an agent authorized to write checks on her employer's account may be found guilty of forgery if, with the necessary intent, the agent acts beyond her authority in writing the check." *Id.* at 450.

The forgery provisions of the Model Penal Code were not intended to avoid the long-recognized rule that the writing of a check signed in the defendant-drawee's own name and drawn on a bank where the defendant had no account is not considered forgery. *See Schoelerman,* 315 N.W.2d at 74. The model code comments do not indicate such a change and the legislature's adoption of the model code suggests no change of this rule was intended.

The State argues *State v. Ross,* 512 N.W.2d 830 (Iowa App.1993), demonstrates a person can commit forgery by signing his or her name on a check. In *Ross,* the court found there was sufficient evidence to support a forgery guilty verdict where a corporate employee stole his employer's printed checks which were prepared and signed by a computer printer and then placed his name as the payee of the checks and endorsed them in his name. *Ross,* 512 N.W.2d at 832.

Under these facts, the defendant completed the check so that it purported to be the act of another who did not authorize the act. The defendant had no authority to print the checks or make himself the payee.

Likewise, in *State v. Bolinger*, 460 N.W.2d 877 (Iowa App.1990), the court upheld a forgery conviction where the defendant faked a phone call to his employer's money transfer system (MTS) for authorization to cash a draft. Because he did not misrepresent his identity or authority, the defendant argued he could not be convicted of forgery. *Bolinger*, 460 N.W.2d at 878. Under the type of transfer system involved, the court found the defendant truck driver was the payee. *Id.* at 879. The draft presented to the bank was purported by the defendant to be authorized by MTS. *Id.* The defendant thus forged the authorization number of MTS on behalf of the trucking company. *Id.* at 880.

■ A person may purport a check to be the act of another by filling in his or her name as the payee without authorization. However, the mere signature as a drawer of a check in his or her name upon a bank in which the drawer has no funds does not purport to be the act of another. When a check is drawn on an existing bank account and signed by the drawer in his or her own name, the check is exactly what it purports to be—a written request by the drawer to the drawee bank to pay a specified sum of money to a third person.

### III. *Sufficiency of Evidence.*

■ Our review of the challenge made to the sufficiency of the evidence is for errors at law. Iowa R.App. P. 4. An essential element of the crime of forgery under the provisions of section 715A.2(1)(b) is that the defendant make, complete, execute, authenticate, issue, or transfer a writing "so that it purports to be the act of another."

We find from our review of the record that there is not substantial evidence to establish this essential element. Phillips signed his name as drawer. He did not represent that he signed the check as agent or with the authority of Tillman. He did not purport to be acting for her. The district court should have granted Phillips' motion for a judgment of acquittal. We reverse Phillips' conviction, vacate the court's judgment, and order that the charge against Phillips be dismissed.

**REVERSED AND REMANDED.**