**IN THE COURT OF APPEALS OF IOWA**

No. 16-2079
Filed August 2, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEESHA LYNN TU,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L.

Stigler, Judge.

Keesha Tu appeals her conviction of forgery following a guilty plea.

**AFFIRMED.**

Christopher J. Foster of Foster Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Keesha Tu pled guilty to forgery in connection with checks drawn on the account of an acquaintance. On appeal, Tu contends her plea lacked a factual basis and, for that reason, her attorney was ineffective in allowing her to enter the plea.

To prevail, Tu must prove her attorney breached an essential duty and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017). "If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). Prejudice is presumed under such circumstances. *Id.*

> The State charged Tu with
>
> fraudulently us[ing] a writing with the intent to defraud or injure anyone, or with knowledge that . . . she was facilitating a fraud or injury to be perpetrated by anyone by making, completing, authenticating, issuing or transferring a writing purporting to be the act of another who did not authorize the act, to-wit: money, securities, postage, government issued instrument, stock, bond, credit-sale contracts, check, draft, or other writing; contrary to and in violation of [section] 715A.2(2)(A) of the Iowa Criminal Code.

*See* Iowa Code § 715A.2(1)(b) (2015); *State v. Acevedo*, 705 N.W.2d 1, 3-4 (Iowa 2005). Tu appears to take issue with the "purporting to be the act of another" element. *See State v. Phillips*, 569 N.W.2d 816, 820 (Iowa 1997) ("[T]he mere signature as a drawer of a check in his or her name upon a bank in which the drawer has no funds does not purport to be the act of another."). In her view, the record needed to contain "an unequivocal statement" that the check

was signed with the account owner's name and neither her assertions during the plea colloquy nor the minutes of testimony contain such a statement. We disagree with this characterization of the record.

At the plea hearing, Tu said she helped another woman negotiate a check drawn on the account of her acquaintance, the acquaintance did not give either of them permission to write the check, and she believed the friend signed the check with the account owner's name. The minutes of testimony rounded out the contours of these statements. According to an officer who interviewed Tu, she "said she took checks" belonging to the acquaintance, gave them to the friend, and "told [the friend] that anything [the friend] gets from them then [she] wanted some money." Tu admitted to the officer "she was pretty sure [the checks] were stolen." She further admitted that, although she did not sign the checks, she "filled out" the "pay to" name and the amount on one of the cashed checks. *See id.* ("A person may purport a check to be the act of another by filling in his or her name as the payee without authorization.").

The record discloses a factual basis for the plea to forgery. Accordingly, Tu's plea attorney did not breach an essential duty in failing to challenge the plea. We affirm Tu's conviction, judgment, and sentence for forgery.

**AFFIRMED.**