# IN THE COURT OF APPEALS OF IOWA

No. 19-1841
Filed February 17, 2021

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**THOMAS PATRICK OLOFSON,**

  Defendant-Appellant.
_____

   Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.


   Thomas Patrick Olofson challenges his convictions of forgery based on the

claim there was insufficient evidence of one element of the offenses. **AFFIRMED.**


   Karmen Anderson, Des Moines, for appellant.

   Thomas J. Miller, Attorney General, and Kyle Hanson and Genevieve

Reinkoester, Assistant Attorneys General, for appellee.


   Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Following a trial on the minutes of evidence, the district court found Thomas Patrick Olofson guilty of two counts of forgery by creating counterfeit checks using a stranger's account information and passing the checks to retail businesses in exchange for goods or services while signing his own name. On appeal, Olofson does not challenge the district court's finding that he engaged in the scheme as described and admits his conduct constituted a crime. His challenge is that his crime was that of theft by "bad check" in violation of Iowa Code section 714.1(6) (2019) and not forgery in violation of Iowa Code section 715A.2(1) and 715A.2(2)(a)(3). Finding the district court correctly interpreted the statute in finding Olofson's conduct constituted the crime of forgery and substantial evidence supported the district court's guilty findings, we affirm Olofson's convictions of forgery.

I.      **Factual Background**

Olofson purchased goods or services at two separate retail businesses by giving the retailers checks drawn on a financial institution account of a third party who did not know Olofson or authorize Olofson to use the account. The checks bore printing that included the account owner's account number, the routing number of the financial institution at which the account owner held the account, and the name of the financial institution. However, the checks also bore printing of Olofson's name and address rather than the name of the account owner. When giving the checks to the retail businesses in exchange for the goods and services he received, Olofson signed his own name. The account owner discovered the

unauthorized transactions and alerted the financial institution and law enforcement.

## II.    Procedural Background

Olofson was originally charged with five counts of forgery in violation of Iowa Code section 715A.2(1) and 715A.2(2)(a)(3).   The charges stemmed from allegations Olofson had given five checks drawn on accounts of two separate account holders at several retail businesses in exchange for goods or services. Olofson filed a motion to dismiss the charges,[1] contending his actions did not fit the crimes charged.  The parties reached a plea agreement pursuant to which the State would dismiss all but two charges.  The two remaining charges involved separate checks issued to separate retail businesses, both of which were drawn on the same account of the same account owner.  The plea agreement allowed Olofson to continue to challenge the remaining two charges via his motion to dismiss.  If the motion to dismiss was denied, Olofson agreed to a trial on the minutes of evidence.  The district court denied Olofson's motion.  Based on the agreed-upon trial on the minutes, the district court found Olofson guilty of both charges of forgery.  Olofson appeals.

## III.    Standard of Review

Olofson challenges the sufficiency of the evidence sustaining the district court's findings of guilt.  Claims of insufficient evidence are reviewed for correction of legal error.  *State v. Schiebout*, 944 N.W.2d 666, 670 (Iowa 2020).  "We will

---

[1] Olofson's motion was captioned as a "motion for adjudication of law points."  The district court, noting the rules of criminal procedure no longer provide for a motion for adjudication of law points, treated the motion as a motion to dismiss pursuant to Iowa Rule of Criminal Procedure 2.11(2).

uphold the verdict on a sufficiency-of-evidence claim if substantial evidence supports it." *Id.* "Evidence is substantial 'if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019)).

The sufficiency of the evidence in this case turns on whether Olofson, by his actions, made, completed, executed, issued, or transferred a check "so that it purport[ed] to be the act of another who did not authorize that act" within the meaning of Iowa Code section 715A.2(1)(b). This is a question of statutory interpretation, which we also review for errors at law. *State v Alvarado*, 875 N.W.2d 713, 715–16 (Iowa 2016).

## IV.   Analysis

To begin our discussion of the merits, we first address the parties' arguments whether Olofson's actions constituted the crimes of forgery, as charged, or should have been charged as theft by "bad check" in violation of Iowa Code section 714.1(6).[2] We need not and do not decide which charge "best fits" the facts or whether, as Olofson claims, charging forgery instead of theft constitutes "overcharging." Our task on appeal is to determine whether Olofson's actions constitute the crimes charged, not whether they constitute crimes not charged, as the prosecutor selects which charges to file and has the burden to

---

[2] Iowa Code section 714.1(6) defines one manner of committing the crime of theft as occurring when a person:

> Makes, utters, draws, delivers, or gives any check, share draft, draft, or written order on any bank, credit union, person, or corporation, and obtains property, the use of property, including a rental property, or service in exchange for such instrument, if the person knows that such check, share draft, draft, or written order will not be paid when presented.

prove the chosen charges. *See id.* at 718 ("When a single act violates more than one criminal statute, the prosecutor may exercise discretion in selecting which charge to file. This is permissible even though the two offenses call for different punishments. It is common for the same conduct to be subject to different criminal statutes." (quoting *State v. Perry*, 440 N.W.2d 389, 391–92 (Iowa 1989))).

As previously noted, Olofson does not challenge the finding that he created the checks at issue[3] or that he transferred them to retailers in exchange for goods or services. He challenges the finding that his conduct constituted the crime of forgery in violation of Iowa Code section 715A.2(1)(b), which states:

> 1. A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that the person is facilitating a fraud or injury to be perpetrated by anyone, the person does any of the following:
>     . . . .
> b. Makes, completes, executes, authenticates, issues, or transfers a writing so that it purports to be the act of another who did not authorize that act, or so that it purports to have been executed at a time or place or in a numbered sequence other than was in fact the case, or so that it purports to be a copy of an original when no such original existed.

"An essential element of the crime of forgery under the provisions of section 715A.2(1)(b) is that the defendant make, complete, execute, authenticate, issue, or transfer a writing 'so that it purports to be the act of another.'" *State v. Phillips*, 569 N.W.2d 816, 820 (Iowa 1997). This essential element is the only element Olofson challenges on appeal, claiming the State failed to prove it. Olofson contends that, by signing his own name, he did not meet this essential element

---

[3] Olofson was found in possession of the account holder's account information, blank check paper, and a printer.

because his actions did not "purport[ ] to be the act of another who did not authorize that act."

In support of his contention, Olofson relies primarily on *Phillips*. In *Phillips*, the defendant's ex-wife had a checking account in her name alone and had been furnished personalized checks imprinted with her name, social security number, phone number, and current address. *Id.* at 817. Phillips took his ex-wife's checks to retailers, signed his own name on the checks, and transferred them to the retailers in exchange for goods or services. *Id.* In reversing Phillips's conviction for forgery, the supreme court found insufficient evidence of the "purports to be the act of another" element as Phillips signed his own name as drawer, did not represent that he signed the check as agent or with the authority of his ex-wife, and did not purport to be acting for her. *Id.* The court stated, "When a check is drawn on an existing bank account and signed by the drawer in his or her own name, the check is exactly what it purports to be—a written request by the drawer to the drawee bank to pay a specified sum of money to a third person." *Id.*

Olofson argues his conduct is the same as that of the defendant in *Phillips*, arguing he cannot be guilty of forgery when he signed his own name and the checks he passed were "exactly what they purported to be." We disagree with both premises of Olofson's argument. *Phillips* does not stand for the proposition that someone cannot be guilty of forgery under any circumstances when the person signs the person's own name. It merely holds that such is the case when

the document itself is authentic.[4]  The problem for Olofson is the checks here were not authentic and they were not what they purported to be.

Via Iowa Code section 715A.2, our legislature has adopted verbatim the forgery provisions of section 224.1 of the Model Penal Code, and we presume the legislature intended our statute to have the same meaning as explained in the comments to the model law.  *Id.* at 819.  The explanatory note to this section of the Model Penal Code states the forgery provision is drafted to prohibit conduct "so as to focus the offense upon falsity as to genuineness or authenticity, rather than upon the falsity of any statement contained in a legitimate document."  Model Penal Code § 224.1 (Am. L. Inst.).

Here, unlike in *Phillips*, the checks Olofson made and transferred were not authentic and were not what they purported to be.  The checks purported to be drawn on the account designated by the account and financial institution routing numbers printed in the lower left-hand corner of the check.  In that sense they may have been what they purported to be.  However, by Olofson's name and address being printed in the upper left-hand corner of the checks, the checks also represented that Olofson was the account owner associated with the unique account and financial institution routing numbers printed on the checks and the

---

[4] In *United State v. Tasher*, a case involving stolen United States Postal Service money orders that were claimed to have been forged, the court explained how a person signing the person's own name (or initials) can still be guilty of forgery by stating: "Whoever placed the initials on the money orders, whether it be his own initials, those of someone else, or merely two letters randomly selected from the alphabet, did so intending to lend authenticity to the money orders when, in fact, they were false."  453 F.2d 244, 246 (10th Cir. 1972).  The same is true here.  By use of checks that purported to show him as the account owner and signing his own name, Olofson intended to "lend authenticity" to the checks when, in fact, they were fake.

account owner had authorized the production of the checks in Olofson's name. In that sense, the checks were not what they purported to be.

By making or transferring checks that included printing as if Olofson was the account holder who had authorized the creation of the checks, Olofson's conduct met the essential element of forgery that the checks he made and transferred purported to be the act of another who did not authorize the act. That was the whole point of the counterfeit checks—to dupe the retailers into believing he was the account owner affiliated with the account upon which the checks were drawn and he had authorized the creation of checks drawn on the account when in fact he was not the account owner and the account owner had not authorized the creation of checks naming Olofson as the account owner. In short, Olofson made and transferred writings that were not genuine, which is "the very essence of a forgery." *State v. Brooks*, 555 N.W.2d 446, 450 (Iowa 1996); *accord State v. Ross*, 512 N.W.2d 830, 831–32, (Iowa Ct. App. 1993) (finding the evidence sufficient to convict of forgery a defendant who stole blank payroll checks from his employer, prepared and endorsed the checks in his name without authorization, and cashed the checks at retailers).

We find sufficient evidence supporting the conclusion Olofson made and transferred checks that purported to be the act of another who did not authorize the act. Therefore, the State met its burden of establishing the only element challenged on appeal, and we affirm.

**AFFIRMED.**