THE STATE OF IOWA, Appellee, v. AUGUST CARLSON, Appellant.

**Criminal law:** FORGERY: INDICTMENT: VARIANCE. Courts are inclined to disregard a slight variance between the allegations of an indictment and the proof; but where an indictment for forgery described a certain check and the check offered in evidence differed in the name of the payee, in the written amount and in the figures, the variance was fatal.

**Same:** DOCUMENTARY EVIDENCE: IDENTIFICATION. Where the prosecuting witness testified that defendant presented him with a check and endorsed a certain name on the back, but defendant denied presenting him a check of any kind, the offer in evidence of a check bearing a different endorsement was not sufficiently identified to be admissible.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

SATURDAY, DECEMBER 18, 1909.

THIS is a prosecution for uttering a forged instrument. There was a judgment and verdict of guilty, and defendant appeals.—*Reversed.*

*Fremont Benjamin,* for appellant.

*H. W. Byers,* Attorney-General, and *C. W. Lyon,* Assistant Attorney-General, for the State.

EVANS, C. J.—The defendant was tried under an indictment charging him with· the crime of uttering a certain forged check. The indictment contained the following copy of the check: "Council. Bluffs, Iowa, Jana. 13-1908. No. ———. The First National Bank of Council Bluffs, Iowa. Pay to John Larsen or bearer $13.13. Thirteen 13-100 Dollars. Hans Hansen." Upon the trial in. support of the indictment the state offered and introduced in evidence over the defendant's objections a check, of which the following is a copy: "Council Bluffs, Iowa, Jana. 13, 1908. No. ———. The First National Bank of Council Bluffs, ·Iowa. Pay to Joh Larsen or bearer $13.1 Threnten 13-100 Dollars. Hans Hansen."

It is urged here that there was a fatal variance between the check set out in the indictment and that introduced in evidence. The tendency of the courts has been for

<div style="margin-left:2em">1. CRIMINAL LAW: forgery: indictment: variance.</div>

many years to treat slight variance in such cases as immaterial and nonprejudicial. *State v. Blanchard,* 74 Iowa, 628. And we are disposed to concur in that tendency. The case before us, however, presents serious difficulties. The name of the payee as described in the indictment was John Larsen. In the check offered in evidence, the name of the payee was Joh Larsen. The check, however, in both cases, purported to be payable to bearer, and did not purport to be indorsed .by the payee. Therefore, if this were the only variance, we might be disposed to disregard the name of the payee as surplusage, and treat the check as a check payable to bearer and valid as such in either form. The check set forth in the indictment purported to be for "13.13" in figures and for "thirteen 13/100" in writing; whereas, the check offered in evidence purports to be for "13.1" in figures and "threnten 13/100" dollars in writing. We

can hardly translate the word "threnten" to be equivalent to "thirteen." We might as well translate it as equivalent to "thirty." But we might treat both of these written words as surplusage, and read the checks without them. This would still leave the check set forth in the indictment as a check for $13.13 payable to bearer. The other check would be for $13.10. So that, with all our proposed elimination of variances as surplusage, we would still have a variance left. A difference of three cents is very small, but it involves the identity of the instrument. The case presented as a whole involves a variance in the name of the payee and in the written amount of the check and in the figures.

This variance is emphasized by the evidence. The check offered in evidence is known as "Exhibit 1." The prosecuting witness testified that the defendant presented to him "a check," and that he wrote on the back of it the name of "Axel Chalson." The defendant denied that he had ever presented a check of any kind to the witness. The prosecuting witness did not identify "Exhibit 1" as the check presented to him. Nor does the check "Exhibit 1" bear an indorsement on the back, "Axel Chalson." It is indorsed, "John Hanson. Axel Carlson."

Even if the variance were to be deemed not fatal, this would not cure the failure to identify by the prosecuting witness the check offered in evidence. "Exhibit 1" was offered in evidence as though it were self-identifying. Turning now to the discrepancy between "Exhibit 1" and the copy set forth in the indictment, we feel constrained to hold that the variance is too manifold to justify us in treating it as immaterial and nonprejudicial. While we are disposed to a liberal rule in favor of the state on such a question, some reasonable limit ought to be observed. We ought not to open the door so wide as is here proposed. It would tend to encourage slipshod work in the preparation of in-

2. SAME: documentary evidence: identification.

dictments, and might often result in positive prejudice to a defendant. We think the variance presented in this case is too great to be disregarded, and that it is fatal.

The judgment below must therefore be *reversed.*