**STATE of Iowa, Appellee,**

v.

**Bobby Gene BAKER, Appellant.**

**No. 56617.**

Supreme Court of Iowa.

Dec. 18, 1974.

Donald E. Doyle, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP, and REYNOLDSON, JJ.

UHLENHOPP, Justice.

The question in this appeal is whether the State introduced substantial evidence which identified defendant Bobby Gene Baker as the individual who uttered a forged check.

We limit our consideration to the evidence on identification. Viewing the evidence in the light most favorable to the State, the following appears.

A representative of a truck company informed the manager of a truck stop that some checks had been stolen. The same day, a man wearing a purplish shirt tendered a check to a cashier at the truck

stop in connection with a purchase. The check turned out to be one of those stolen from the truck company and subsequently forged. As the cashier was about to accept the check, the truck-stop manager came by, saw the check, and asked the man to come into the office. Instead of doing so, the man fled out the door with a companion, a smaller man wearing a white shirt. The manager followed, telling an employee to call the police. The employee called a highway patrol officer, who dispatched a state trooper. The manager chased the two men to the end of the drive, where the white-shirted man told the manager to stop or he would get his head blown off. The manager stopped and the two men crossed a fence into a bean field. The manager watched them until they went into a culvert under the highway.

The trooper arrived, ordered the two men to come out of the culvert, and took them back to the truck stop—all as observed by the truck-stop manager. The cashier observed the two men in the trooper's car at the truck stop.

An assistant county attorney charged defendant with uttering a forged instrument. Defendant pleaded not guilty.

At the trial which occurred some time later, the truck-stop manager and the cashier testified to the matters we have related, but neither was able to identify defendant as the individual who participated in the incident. The trooper also testified as to his part in the matter, but he positively identified defendant as the man in the incident who wore the purplish shirt. Defendant did not present any evidence.

The jury found defendant guilty. The court sentenced him to the penitentiary not exceeding ten years, defendant having previously been convicted of felonies.

■ The State must, of course, introduce substantial evidence identifying the person charged as the perpetrator or an accomplice. When we view the evidence in the light most favorable to the State, State v. Gray, 216 N.W.2d 306 (Iowa), we find the evidence abundant on identification. See State v. Agee, 257 Iowa 1345, 136 N.W.2d 419; State v. Sellers, 215 N.W.2d 231 (Iowa).

■ In his motion for a directed verdict, defendant also urged that the State did not adduce substantial proof of intent. He does not press that contention here, nor could he do so successfully. State v. Allnutt, 261 Iowa 897, 156 N.W.2d 266 (establishing intent by inferences from circumstances); State v. Miller, 217 Iowa 1283, 252 N.W. 121; State v. Beer, 193 N.W.2d 530 (Iowa).

The conviction and sentence should stand.

Affirmed.