STATE of Iowa, Appellee,

v.

Larry E. ROSS a/k/a Roger Leroy Johnson, Appellant.

No. 93–149.

Court of Appeals of Iowa.

Dec. 29, 1993.

Patrick W. O'Bryan, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., Diann Wilder–Tomlinson, County Atty., and Steven Norby, Asst. County Atty., for appellee.

Heard by SCHLEGEL, P.J., HAYDEN, J., and KEEFE, Senior Judge.*

KEEFE, Senior Judge.

The defendant, Larry E. Ross, also known as Roger Leroy Johnson, was employed at Monfort Meat Packing in Marshalltown, Iowa, from September 25, 1989, to December 22, 1989. He was terminated on December 28, 1989, for failure to show for work for three days. It was Monfort's practice to pay employees with printed checks which were prepared and signed by a computer printer.

In January 1990, Douglas Knowles, the Monfort plant comptroller, was contacted by local police in Davenport, Iowa, and informed that someone was illegally passing Monfort checks in Davenport. At that time Mr. Knowles discovered that 200 to 400 Monfort check blanks had been stolen. They included checks numbered 314323, 314324, 314325, and 314326.

Defendant was arrested on January 3, 1990, in Scott County, Iowa, on unrelated charges. However, in a consensual search of his room, the police found numerous Monfort blank payroll checks. Defendant admitted stealing the check blanks and passing them in three counties.

Defendant was charged with three charges of forgery in Scott County. Marshall County issued an arrest warrant for defendant, noting that he was in jail in Scott County. Defendant attempted to consolidate all charges in all counties, but got no response from the various counties.

Later, defendant entered a plea agreement in Scott County and plead guilty to the charges against him there. He received three concurrent prison terms for up to five years. When defendant entered prison, Marshall County filed a trial information alleging four counts of forgery and one count of being a habitual criminal. After serving his Scott County term, defendant was transferred to Marshall County for trial.

On August 20, 1992, defendant's motion to dismiss the trial information was heard. In that proceeding, defendant was informed that anything he said there could be used at trial against him. At the hearing defendant admitted he had been involved in forging Monfort checks for twelve days in December 1989 in Scott, Marshall, and Polk Counties.[1] He further described a "common scheme," in his words. He did the same procedure in each county. He presented a check he had prepared in the name of Larry Ross, he presented an I.D., and endorsed and cashed the checks at department stores or grocery stores. The motion to dismiss was denied.

---

* Senior judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

1. Polk County never prosecuted.

Defendant waived his right to jury trial and the trial was held before a district court judge, who found defendant guilty of the crimes charged.

■ Iowa Code section 715A.2(1) (1989), defines forgery in various ways. Here, the State limited itself to the definition in subsection (b), which provides that a person is guilty of forgery if, with intent to defraud or injure anyone, the person:

> Makes, completes, executes, authenticates, issues, or transfers a writing so that it purports to be the act of another who did not authorize that act ...

Where, as here, the State elects to use only part of a statute in charging a public offense, then what the State charges *is* the statute for that case. *State v. Wales*, 325 N.W.2d 87, 89 (Iowa 1982). It, therefore, became the burden of the State to prove beyond a reasonable doubt that defendant made, completed, executed, or authenticated and issued the four checks in question.

■ Defendant first contends there is not sufficient evidence to support the conviction. When defendant challenges the sufficiency of the evidence, the court reviews the record to determine whether "substantial evidence" supports the verdict. *State v. Barrett*, 445 N.W.2d 749, 753 (Iowa 1989). The same test applies in trials to the court as opposed to jury trials. *States v. Miles*, 346 N.W.2d 517, 520 (Iowa 1984). A decision in a bench trial has the same force as a jury verdict. *Id.* at 519.

■ The evidence must also be reviewed in the light most favorable to the State, and the State is entitled to all reasonable inferences which arise from the evidence. This includes all of the evidence and not just evidence that supports the verdict. "Substantial evidence" means evidence which would convince a rational trier of fact that defendant is guilty of the crimes charged beyond a reasonable doubt. *State v. Blair*, 347 N.W.2d 416, 419 (Iowa 1984). Evidence to support a verdict can be direct or circumstantial; each has equal probative value so long as it raises a fair inference of guilt and does more than create speculation, suspicion, or conjecture. *State v. Hamilton*, 309 N.W.2d 471, 479 (Iowa 1981).

In defendant's brief, he relies on *State v. Baker*, 224 N.W.2d 7, 8 (Iowa 1974); *State v. Jensen*, 216 N.W.2d 369, 374 (Iowa 1974); and *State v. Carlson*, 145 Iowa 154, 156, 123 N.W. 765, 766 (1909). A review of the *Carlson* case shows the facts are totally distinguishable and do not apply here. As to the other two cases, the facts differ. However, the court said in *Jensen* that identification of a defendant may be implicit or inherent in the record. 216 N.W.2d at 375. In the *Baker* case, the court noted the State's evidence is reviewed in the most favorable light, but the State must still have substantial evidence to identify the defendant. 224 N.W.2d at 8.

■ A review of the evidence shows that defendant worked at the Monfort plant during the time involved. He admitted stealing the checks. He admitted preparing the checks in the name of "Larry Ross" and endorsing them in that name. He also admitted that he produced an I.D. in each instance that he cashed checks in Marshall County, Iowa. Defendant gave this in unsworn testimony to police officers. He also gave the testimony under oath in the hearing on his motion to dismiss.

The State also called witnesses who cashed the checks. They all stated they could not personally identify the defendant, but their uniform procedure was to require the presenter to endorse the check in their presence and furnish identifying information. One added that she required a "picture" identification. The four checks were each identified as the checks in question by the clerks of these stores. The clerks were from Wal-Mart, Hy-Vee, or Younkers. We note that defendant admitted he only cashed checks at department stores or grocery stores.

The State's requirements as to the elements of forgery are set forth in an earlier part of the decision. After a total review of the evidence in the light most favorable to the State, we find there is substantial evidence to support the verdicts on the forgery charges.

The defendant did not appeal his conviction for being a habitual criminal under section 902.8 (1989).

Defendant's second contention is that the trial court erred in denying his motion to dismiss on the grounds he was twice put in jeopardy, in violation of his Fifth and Fourteenth Amendment rights. The State contends that defendant failed to preserve error on this issue as it was raised a year after the filing date set by Iowa Rule of Criminal Procedure 10(2)–(4). The lower court denied the motion on the merits and did not consider the procedural issue. For purposes of this appeal, we will assume the issue was properly raised below and will address the merits of the claim.

■ Our standard of review on a constitutional issue is on the totality of the circumstances, and we conduct a de novo evaluation of the evidence. *Nichol v. State,* 309 N.W.2d 468, 470 (Iowa 1981).

The Fifth Amendment of the United States Constitution provides, "nor shall any person be subject [for the same offense] to be twice put in jeopardy of life or limb." This prohibition is applicable to the individual States by the Fourteenth Amendment to the United States Constitution. The prohibition that defendant seeks to apply in this case is the prohibition of a second prosecution against the same offense after a previous conviction. *See State v. Birkestrand,* 239 N.W.2d 353, 363 (Iowa 1976).

■ The defendant's position includes two claims. In the first he claims he has been prosecuted and sentenced in Scott County for forging the checks and served his sentence, so the State of Iowa can not again prosecute him in Marshall County. He claims a "common scheme" in all the crimes involved. There is no crime called "common scheme" in Iowa law. Section 715A.2 (1989) makes acts of forgery a crime.

The latest pronouncement by the United States Supreme Court in this area is *United States v. Dixon,* — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). The Supreme Court followed the "Blockburger Test" set out in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *Id.* at —, 113 S.Ct. at 2856, 125

L.Ed.2d at 568. This test is the same-elements test, which inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. *Id.*

■ The Iowa Supreme Court has accepted the proposition that multiple violations of a single statute will support multiple convictions and punishments, even if a defendant commits all the violations in the same course of conduct. *State v. Gansz,* 376 N.W.2d 887, 890 (Iowa 1985) (separate acts of perjury, even if they arose in the same time sequence and series of acts); *City of Cedar Falls v. Flett,* 330 N.W.2d 251, 257 (Iowa 1983) (twenty-three violations of the Junk Vehicle Statute on the same property); *State v. Newman,* 326 N.W.2d 788, 793 (Iowa 1982) (several sexual attacks on the same victim). As pointed out in *Newman,* a defendant should not be able to commit several violations and then fall back on an argument that his conduct constitutes but one crime. *Id.* at 793. See also 36 Am.Jur.2d *Forgery* § 43 (1968).

■ An examination of the elements of the offense in Marshall County show the following different elements: different checks, different acts of forgery, different victims, different counties, different proceeds, and different witnesses. Thus, defendant's claim of double jeopardy cannot be sustained and is denied.

Defendant's second claim is that the State of Iowa is a single sovereign and has a uniform court system, which bars prosecution in separate counties for the same or similar crimes. This court does not understand that to be the law. The citation presented in defendant's brief does not support this proposition, and it is denied.

We have considered all of the issues presented by the defendant, and find no basis for a reversal of defendant's conviction or sentence. The judgment of the trial court is affirmed.

**AFFIRMED.**