**STATE of Iowa, Appellee,**

v.

**David James ROE, Appellant.**

No. 00–0297.

Supreme Court of Iowa.

Feb. 27, 2002.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Mary E. Tabor, Assistant Attorney General, J. Patrick White, County Attorney, and Michael D. Brennan, Assistant County Attorney, for appellee.

NEUMAN, Justice.

David Roe stands convicted of domestic assault, a violation of Iowa Code sections 236.2, 708.1 and 708.2A(2) (1999). The judgment against him, however, rests on a jury verdict finding him guilty only of simple assault. On appeal, Roe contends he cannot be convicted of an offense at variance with the jury's verdict. We agree, thereby vacating a contrary decision by our court of appeals. The case must be reversed and remanded for a corrected judgment and sentence.

The facts are largely undisputed. Police responded to a 9–1–1 call placed from a home shared by Roe and Heather Woodford. Woodford was noticeably upset and Roe angrily resisted police intervention. Woodford claimed Roe had slapped or punched her several times while she was holding their infant. Based on these facts, the State charged Roe with domestic assault causing bodily injury and child endangerment. *See* Iowa Code §§ 708.1(1), 708.2A(2)(b) and 236.2 (domestic assault with injury); 726.6(1)(a) and (3) (child endangerment).

The case proceeded to trial. Following the submission of evidence, the court instructed the jury regarding a stipulation reached by the State and Roe that his relationship with Woodford was a "domestic relationship as defined by Section 236 of the Iowa Code." Thereafter the court's marshalling instruction listed the essential elements for the crimes of assault causing bodily injury and the lesser-included offense of simple assault, but made no mention of the term "domestic" in connection with either assault crime.

The jury acquitted Roe of the crimes of child endangerment and assault causing bodily injury but returned a verdict finding him "guilty of Assault." The court's order scheduling sentencing likewise recited that Roe had been found "guilty of the lesser, included offense of Assault." At the time of sentencing, however, the State moved to correct the order's "scrivener's error" that suggested Roe would be sentenced for simple assault, rather than domestic assault. The court granted the State's motion and proceeded to sentence Roe for domestic assault. A thirty-day jail term was imposed, along with a $250 fine and the requirement that Roe complete a batterer's education program.

Roe sought, and was granted, discretionary review. *See* Iowa Code § 814.6(2)(d) (permitting defendant discretionary review from simple misdemeanor conviction). We transferred the case to the court of appeals. It held that because Roe had stipulated to his domestic relationship with Woodford, it was unnecessary for the jury to specifically find that fact as part of its guilty verdict. The court of appeals further found that the parties' stipulation, combined with the jury's guilty verdict on the crime of assault, supported the district court's entry of judgment and conviction for domestic abuse assault.

**I.** We granted Roe's petition for further review to address, in this slightly different context, an issue this court recently examined in *State v. Owens*, 635 N.W.2d 478 (Iowa 2001). *Owens* involved a defendant charged with several offenses, including the crime of being a felon in possession of a firearm. Owens stipulated that he had previously been convicted of a felony, thereby seeking to keep prejudicial details about his criminal history from the jury. *Owens*, 635 N.W.2d at 481. Over Owens' objection, however, the trial court included the stipulation in its marshalling instruction. It believed the jury was required to find Owens guilty beyond a reasonable doubt on each essential element of the crimes charged. *Id.*

On appeal following conviction, Owens claimed his trial counsel was ineffective because he should have urged the court to submit an interrogatory concerning his firearm possession and then, based on his stipulated felony status, the court could have rendered a verdict based on the jury's interrogatory answer. *Id.* We rejected Owens' contention and affirmed the district court. In doing so we overruled a contrary court of appeals decision, *State v. Smith*, 576 N.W.2d 634, 637 (Iowa Ct.App.

1998). *Id.* at 484. We held, contrary to *Smith*, that

> [w]hen a prior conviction forms an essential element of the current charge, rather than merely furnishing the basis for an enhanced sentence, the jury must determine guilt on that element beyond a reasonable doubt; answering an interrogatory will not suffice. Even if the defendant stipulates to guilt on an element of an offense, the court must still instruct the jury as to the stipulation. It is from this stipulation that the jury determines a defendant's guilt beyond a reasonable doubt.

*Id.* at 483–84 (citations omitted).

Although the case before us does not, like *Owens*, involve a stipulation concerning a prior conviction, it does involve a stipulation to an essential element of the domestic assault crimes with which Roe was charged. The record reveals that Roe's counsel proposed instructions that included as an essential element of both domestic assault crimes a finding that the "act occurred between family or household members." The record further reveals that defense counsel specifically objected to the submission of an instruction on simple assault, claiming this was an "all or nothing" defense. The trial court overruled that objection. For some inexplicable reason, however, it then submitted instructions and verdict forms to the jury that omitted any reference to the domestic nature of the alleged assault. As already mentioned, the jury unanimously answered a verdict form finding Roe "guilty of Assault."

Given this procedural scenario, we are convinced *Owens* controls the outcome here. A defendant's stipulation regarding evidence may eliminate the State's need to marshal proof on an essential element of a crime, but the stipulation does not thereby eliminate the jury's duty to make a finding beyond a reasonable doubt on each essen-

tial element. *Owens*, 635 N.W.2d at 484. Just as we found an interrogatory answer would have been insufficient to satisfy the jury's determination of guilt in *Owens*, the defendant's stipulation here (without a corresponding interrogatory) is equally insufficient.

■ II. In answer to the State's argument that Roe is too late in complaining about the court's erroneous instructions, our answer is simple: He had no reason to do so. The instructions, submitted over defense counsel's objection on a different ground, eliminated an elevating element which would have potentially hurt Roe, not helped him.[1] Any fault for the supposed "scrivener's error" leading to the court's ultimate error in amending the judgment rests squarely with the State.

Roe is entitled to be sentenced consistent with the jury's verdict of guilt. We therefore vacate the decision of the court of appeals, vacate the trial court's amendment to the jury's verdict and its sentence thereon, and remand for resentencing on the crime of assault.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AND SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.**

All justices concur except STREIT, J., who takes no part.

---

1. Domestic assault differs from simple assault in the penalties that may be imposed upon conviction. For assault in violation of Iowa Code § 708.2(5), a simple misdemeanor, the maximum penalty includes a $100 fine or thirty days in jail. *See* Iowa Code § 903.1(a). The authorized penalty upon conviction for first offense domestic abuse assault, also a simple misdemeanor, includes a minimum 2–day jail sentence that may not be suspended, possible fine and required participation in a batterer's treatment program. *See id.* § 708.2A(2)(a), (6), (9). Conviction of domestic abuse assault may also impact on a person's eligibility for a permit to carry weapons. *See id.* § 724.8(6).