**IN THE COURT OF APPEALS OF IOWA**

No. 17-2060
Filed December 5, 2018

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**FRANKLIN LEE HARRIS,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.


　　Franklin Harris appeals his conviction for driving while license denied or revoked. **AFFIRMED.**


　　Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


　　Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

Franklin Harris appeals his conviction for driving while license denied or revoked. He contends the jury's finding of guilt is inconsistent with its aquittal on a charge of operating while intoxicated. Because the consequence of a potentially inconsistent jury verdict is a question of law, our review is de novo. *See State v. Merrett*, 842 N.W.2d 266, 272-73 (Iowa 2014).

**I. Background Facts and Proceedings.**

A motorist observed a vehicle being driven erratically on the night of August 4, 2017. She called 9-1-1 to report the driver, who parked the vehicle partway on the grass next to Harris's residence. Harris was standing next to the vehicle when a law enforcement officer arrived to investigate the call. Harris admitted that he had consumed alcohol that night, and the officer opined that Harris was intoxicated.

The State charged Harris with operating while intoxicated (OWI) and driving while license was denied or revoked. The evidence at trial showed that Harris was drinking at the Elks Lodge on August 4, 2017. Harris got a ride home from the bar's manager while another patron drove Harris's vehicle from the lodge to Harris's home, parked it halfway in the grass and halfway in Harris's driveway, and returned to the Elks Lodge in the bar manager's vehicle.

The court instructed the jury that in order to find Harris guilty of OWI, the State had to prove:

> 1. On or about the 4th day of August, 2017, the Defendant, Franklin Lee Harris, operated a motor vehicle.
> 2. At that time, the Defendant, Franklin Lee Harris, was under the influence of alcohol.

With regard to the charge of driving while license was denied or revoked, the court instructed the jury that it could only find Harris guilty if the State proved:

> 1. On or about the 4th day of August, 2017, the Defendant, Franklin Lee Harris, operated a motor vehicle.
> 2. At the time, the Defendant's license to operate a motor vehicle was suspended, denied, revoked, or barred.

## II. Discussion.

Harris contends the jury's verdicts are inconsistent because his counsel admitted Harris was under the influence of alcohol, which is supported by the evidence. On this basis, Harris presumes the jury aquitted him of the OWI charge because it found he did not operate a vehicle. Because the jury found Harris guilty of driving while license was denied or revoked—which also required a finding that he operated a motor vehicle—he views that verdict as inconsistent with his acquittal on the OWI charge.

At the outset, the State argues Harris failed to preserve error on his claim of inconsistent verdicts. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Harris failed to raise his claim of inconsistent verdicts below, and therefore, error is not preserved.

However, even if the issue had been preserved for our review, Harris's argument fails. In determining whether there is an inconsistency, the question is "whether the verdict is so logically and legally inconsistent as to be irreconcilable within the context of the case." *State v. Fintel*, 689 N.W.2d 95, 101 (Iowa 2004). Harris has made no such showing here. Harris argues that since his counsel

admitted Harris was intoxicated, and the evidence supported he was intoxicated, and there was no evidence to the contrary, the jury must have acquitted Harris of OWI because it concluded he was not driving on August 4, 2017. But, even stipulated evidence does not eliminate the jury's duty to make a finding beyond a reasonable doubt on each essential element of the crime. *See State v. Roe*, 642 N.W.2d 252, 254 (Iowa 2002); *State v. Owens*, 635 N.W.2d 478, 484 (Iowa 2001). Furthermore, a "jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). In finding him guilty of driving while denied or revoked, the same jury concluded Harris did operate a vehicle on August 4, 2017. Harris asserts this is inconsisitent with the OWI acquittal. Based on the evidence presented at trial, it is more likely that the jury found Harris drove his car to the Elks Lodge on August 4, 2017, when his license was denied or revoked, but did not drive his car home from the bar after becoming intoxicated. Accordingly, there is no inconsistency in the jury's verdicts, and we affirm.

**AFFIRMED.**