# IN THE COURT OF APPEALS OF IOWA

No. 18-0892
Filed November 6, 2019

**ALONZO STOKES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady,

Judge.

Alonzo Stokes appeals the denial of his application for postconviction relief.

**AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee State.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Alonzo Stokes appeals after the district court denied his application for postconviction relief (PCR) in which he alleged ineffective assistance of trial counsel. We review such claims de novo. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). To succeed on an ineffective-assistance claim, Stokes must show both that his trial counsel breached a duty and prejudice resulted. *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012). A breach of duty occurs when counsel's performance falls below the standard of a reasonably competent attorney. *See id.* Prejudice occurs when counsel's performance deprives the accused of a fair trial. *See id.* We may affirm the district court's rejection of Stokes's claim if either element fails. *See id.*

Stokes alleges the jury's verdicts finding him guilty of first-degree robbery and not guilty of first-degree burglary were inconsistent. He contends he is entitled to PCR because his trial counsel was ineffective by failing to challenge the inconsistent verdicts. The question is whether these verdicts are "so logically and legally inconsistent as to be irreconcilable within the context of the case." *State v. Fintel*, 689 N.W.2d 95, 101 (Iowa 2004). They are not. This is not a case in which the jury convicted a defendant of a compound offense while acquitting on a predicate offense. *See State v. Halstead*, 791 N.W.2d 804, 815 (Iowa 2010) ("When a jury convicts a defendant of a compound offense, but acquits the defendant on a predicate offense, our confidence in the outcome of the trial is undermined."). As the crimes were marshalled in this case, the elements of first-degree robbery were included within the elements of first-degree burglary.

Stokes argues the jury's verdicts are inconsistent because there is "no dispute" that he entered an occupied residence without permission. But his characterization of the evidence is irrelevant; it is for the jury to choose which evidence it believes and gives weight. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). Even when the defendant concedes to an element of the offense, the jury is still required to find each element beyond a reasonable doubt. *See State v. Roe*, 642 N.W.2d 252, 254-45 (Iowa 2002) (noting that even a defendant's stipulation to an element of a crime "does not thereby eliminate the jury's duty to make a finding beyond a reasonable doubt on each essential element").

The court will not interfere with a jury verdict finding a defendant guilty of a lesser-included offense and acquitting on the greater offense, even if the evidence may have supported a finding of guilt on both offenses. *See State v. Stump*, 119 N.W.3d 210, 222 (Iowa 1963) (recognizing that in such cases, the jury may have resolved doubt in favor of the defendant or exercised some degree of leniency, and concluding that either way, the appellate court may not interfere). Thus, trial counsel had no duty to object to the jury verdicts finding Stokes guilty of first-degree robbery while acquitting him of first-degree burglary. *See State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003) ("Trial counsel has no duty to raise an issue that has no merit."). Because Stokes failed to show his trial counsel was ineffective, we affirm the order denying Stokes's PCR application.

**AFFIRMED.**