# IN THE COURT OF APPEALS OF IOWA

No. 19-0949
Filed September 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRENT ALAN FOSTER,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell,
District Associate Judge.

Defendant appeals his conviction of domestic abuse assault.  **AFFIRMED.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant
Attorney General, for appellee.

Considered by May, P.J., Ahlers, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2020).

**DANILSON, Senior Judge.**

Brent Foster appeals his conviction of domestic abuse assault. We conclude the State presented substantial evidence on the issue of identification. Through her testimony, the complaining witness identified Foster as her husband, as the person who committed the assault, and as the person in the courtroom. We affirm Foster's conviction.

Foster was charged with domestic abuse assault causing bodily injury after an incident on April 8, 2018, involving his wife, M.F. During the opening statements at the jury trial, defense counsel stated, "What you're going to hear today is the testimony of the only two people who were there—[M.F.], Brent Foster. The only two people who saw what happened because they were participants."

M.F. was questioned:

> Q. Are you currently married? A. Yes.
> Q. To whom? A. Brent Alan Foster.
> Q. Is that the same Brent Alan Foster that's in the courtroom today? A. Yes.

M.F. testified about the assault committed by Foster. She testified Foster pushed her against her truck with his forearm pressing her neck and threw her down on a gravel driveway. M.F. had abrasions and contusions after the incident.

At the close of the State's evidence, Foster made a motion for a directed verdict, stating there was no in-court identification of him as the defendant. The court denied the motion, stating, "Well, I don't think she has to actually point her finger at the Defendant. I think she identified him as the husband/person that she lived with then." Foster testified, admitting there was a physical altercation with M.F., but claiming M.F. was the aggressor and he was acting in self-defense.

A jury found Foster guilty of the lesser-included offense of domestic abuse assault, in violation of Iowa Code section 708.2A(2)(a) (2018), a simple misdemeanor. He was sentenced to serve seven days in jail. Foster appeals his conviction.

Foster contends he was not sufficiently identified in the courtroom. He points out that the State is required to "introduce substantial evidence identifying the person charged as the perpetrator or an accomplice." *State v. Baker*, 224 N.W.2d 7, 8 (Iowa 1974). He asserts the State was required to have someone in the courtroom identify him as the defendant, instead of presuming he was the defendant because he was in the courtroom.

"[T]he State's evidence is reviewed in the most favorable light, but the State must still have substantial evidence to identify the defendant." *State v. Ross*, 512 N.W.2d 830, 832 (Iowa Ct. App. 1993). "Identity is an element of a criminal offense which the State must prove beyond a reasonable doubt. For this reason witnesses are permitted to point out the accused as the person who committed a crime." *State v. Jensen*, 216 N.W.2d 369, 374 (Iowa 1974) (citation omitted). However, "such a procedure is not necessary to make out a jury question on identification. Identification of a defendant may be implicit or inherent in a record." *Id.* at 375.

A dramatic gesture where a witness points a finger at the defendant is not required. *See State v. Kardell*, No. 09-1859, 2011 WL 441961, at *8 (Iowa Ct. App. Feb. 9, 2011) ("[A] witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." (quoting *United States v. Alexander,* 48 F.3d 1477, 1490 (9th Cir.1995))); *State v. DeMoss*, No. 06-1337, 2007 WL 2004513, at

*4 (Iowa Ct. App. July 12, 2007) ("According to the court's rulings, witnesses gestured toward DeMoss during their testimony about him. Though the State must prove identity beyond a reasonable doubt, identity may be inferred or inherent in the record."). Through her testimony, M.F. identified Foster as her husband, as the person who committed the assault, and as the person in the courtroom.

Furthermore, Foster's attorney introduced his client as Brent Foster and stated Foster and M.F. were "the only two people who were there." Although the oral argument was not evidence, nor were defense counsel's statements evidence, a stipulation regarding evidence may eliminate the State's need to marshal proof on an essential element of a crime. *See State v. Roe*, 642 N.W.2d 252, 254 (Iowa 2002). For all practical purposes, the admission that the defendant and M.F. were the only two there is an admission or stipulation of those facts. Further, "[i]t is elementary that admissions made in the course of judicial proceedings are substituted for and dispense with actual proof of facts." *State v. Wilson*, 144 N.W. 47, 53 (Iowa 1913); *see also Dick v. United States*, 40 F.2d 609, 611 (8th Cir. 1930) (concluding the statement of counsel may eliminate the need for evidence on the point).

We conclude the State presented substantial evidence on the issue of identification. We affirm Foster's conviction.

**AFFIRMED.**