**STATE of Iowa, Appellee,**

v.

**Virginia G. MILES, Appellant.**

No. 83–47.

Supreme Court of Iowa.

April 11, 1984.

Charles L. Harrington, Appellate Defender, and Fern S. Shupeck, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sherie Barnett, Asst. Atty. Gen., and James Metcalf, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, SCHULTZ and WOLLE, JJ.

McCORMICK, Justice.

Defendant Virginia G. Miles appeals from her conviction in a bench trial and sentence for third-degree theft in violation of Iowa Code section 714.1(1) (1981). She challenges the sufficiency of the trial court's findings of fact, the sufficiency of the evidence, and the effectiveness of trial counsel. Because we find no reversible error, we affirm the trial court.

The charge was based on an alleged shoplifting incident in a Waterloo women's clothing store on May 22, 1982. The State's theory was that defendant aided and abetted a woman friend in the theft of two dresses that the other woman was observed putting in a large purse belonging to defendant while defendant stood nearby. State evidence indicated that a clerk struggled for possession of the purse with the woman who took the dresses. When the woman released the purse to the clerk and fled, defendant attempted to wrest the purse from the clerk until stopped by another store employee.

I. *The trial court's findings.* Iowa Rule of Criminal Procedure 16(2) provides: "In a case tried without a jury the court shall find the facts specially and on the record, separately stating its conclusions of law and rendering an appropriate judgment." Defendant contends she is entitled to relief because the trial court failed to

make specific findings of fact on each element of the offense.

If defendant had attacked the sufficiency of the findings in a motion for new trial, rule 23(2)(c) would apply. It provides:

> On a motion for a new trial in an action tried without a jury, the court may where appropriate, in lieu of granting a new trial, vacate the judgment if entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter judgment accordingly.

Defendant did not move for new trial. The State asserts she thereby waived her right on appeal to complain of the sufficiency of the findings. Defendant counters by arguing that if the issue should have been raised in the trial court her counsel was ineffective for failing to do so and the omission should not be deemed waiver.

We find that the purposes of rule 23(2)(c) are similar to the purposes of Rule of Civil Procedure 179(b). An important purpose of requiring trial court findings and conclusions under rule 179 is to inform counsel of the basis of the court's findings and conclusions to enable counsel to make a specific attack on the basis on appeal if it is wrong. *See Berger v. Amana Society*, 254 Iowa 1036, 1040, 120 N.W.2d 465, 467 (1963). The motion also provides a means for a party to obtain reconsideration of the trial court's ruling. *See Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 424–25 (Iowa 1982).

In a civil case, in the absence of a rule 179(b) motion, this court assumes the trial court found all facts necessary to support its judgment. *Hubby v. State*, 331 N.W.2d 690, 695 (Iowa 1983). This assumption is derived from the concept that the decision in a case tried to the court at law has the force of a jury verdict. The appellate court will presume the finding of any facts supported by the record that would warrant the judgment. *Smiley v. McIntosh*, 129 Iowa 337, 342, 105 N.W. 577, 578 (1906). The same principles apply in a criminal case. *State v. Hall*, 287 N.W.2d 564, 564–65 (Iowa 1980).

■ These considerations lead us to the conclusion that rule 23(2)(c) has the same role in criminal cases as rule 179(b) in civil cases. A defendant in a bench-tried criminal case who has not filed a motion for new trial seeking amendment or enlargement of the court's findings and conclusions cannot rely on appeal on the insufficiency of those findings and conclusions to support the court's decision so long as the evidence would support the necessary additional findings and conclusions.

■ Therefore defendant is precluded from attacking the sufficiency of the trial court's findings of fact, as distinguished from the sufficiency of evidence to support necessary findings, unless excused from raising the issue in the trial court by ineffective assistance of counsel.

■ We recently amplified the burden on a party asserting ineffectiveness of counsel. We held in *State v. Miles*, 344 N.W.2d 231, 234 (Iowa 1984), that the party must demonstrate a breach by counsel of an essential duty and resulting prejudice of constitutional dimensions. In some cases an attorney who fails to file a motion for new trial seeking amendment or enlargement of findings or conclusions may breach an essential duty. Generally, however, because the omission does not preclude attack on the sufficiency of the evidence itself or reliance on other legal error, the omission will not result in prejudice equivalent to denial of a fair trial or a miscarriage of justice. In this case defendant has failed to demonstrate that counsel's omission caused her prejudice of the requisite constitutional magnitude.

We therefore hold that defendant is foreclosed from now attacking the sufficiency of the trial court's findings.

■ II. *Sufficiency of the evidence.* Defendant separately challenges the sufficiency of the evidence to support her conviction. She preserved error on this challenge by moving for acquittal at the conclusion of the State's evidence. *See* Iowa R.Crim.P. 18(8)(a). Although she did not

renew her motion at the conclusion of all the evidence, we consider all the evidence in the record in determining whether the court erred in overruling her motion. *See State v. Holderness,* 293 N.W.2d 226, 230 (Iowa 1980).

 The gist of defendant's argument is that she was convicted on a theory of aiding and abetting on the basis of her mere presence at the scene of the alleged shoplifting. As in jury cases, we view the evidence in its light most favorable to the State under the standard delineated in *State v. McFadden,* 320 N.W.2d 608, 614 (Iowa 1982). The record must contain substantial evidence to show that the accused assented to or lent countenance and approval to the criminal act either by active participation in it or in some manner encouraging it prior to or at the time of its commission. Although the accused's mere presence is not enough, the requisite participation can be inferred "from circumstantial evidence including presence, companionship and conduct before and after the offense is committed." *Fryer v. State,* 325 N.W.2d 400, 406 (Iowa 1982).

Under this standard the evidence was sufficient in this case. Defendant was not merely present. She was a companion of the woman who took the dresses. The woman put the dresses in defendant's purse. When the woman withdrew from her struggle with the clerk, she fled with defendant's child as well as her own. Defendant then took up the struggle for the purse and stolen merchandise. After the incident defendant insisted she would have no reason to steal the two thirty dollar dresses because she had ample money in her purse to pay for them. An officer who searched her purse at her invitation found $3.00 in cash. A rational factfinder could conclude from all of the evidence that defendant aided and abetted the theft.

The trial court did not err in overruling defendant's motion for acquittal.

III. *Additional claims of ineffective counsel.* Defendant articulates additional possible ineffectiveness of counsel claims in an effort to preserve them for postconviction action in accordance with *State v. White,* 337 N.W.2d 517 (Iowa 1983). Her statements meet the requirements of *White* and show that these claims cannot be decided on the present record.

No reversible error has been shown.

AFFIRMED.