# IN THE COURT OF APPEALS OF IOWA

No. 13-0268
Filed April 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRISTOPHER LAKEITH MCAFEE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler,

District Associate Judge.


        A defendant appeals his conviction challenging the sufficiency of the

evidence and the effectiveness of counsel's representation.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney

General, Michael J. Walton, County Attorney, and Melisa Zaehringer, Assistant

County Attorney, for appellee.


        Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

Christopher McAfee appeals his conviction for invasion of privacy—nudity and simple assault. He asserts there is insufficient evidence to support his conviction because there was no evidence he recorded the video of the victim for the purpose of sexual arousal or gratification and the victim did not have a reasonable expectation of privacy. He claims there was insufficient evidence he had the specific intent to cause pain or injury to the victim or to offend or insult her. Finally, he also asserts his attorney rendered ineffective assistance in failing to object to the trial court's failure to read its verdict in his presence. Because we find sufficient evidence to sustain the convictions and the trial court subsequently cured the error of not announcing its verdict in McAfee's presence, we affirm his convictions.

## I. Background Facts and Proceedings.

After a night of drinking, McAfee returned to his home with his girlfriend, his girlfriend's roommate—the victim, and a friend of the victim. All were drinking, and all but the victim were using cocaine. The victim awoke the next morning and found she was not wearing her pants or underwear. She did not recall what happened the night before, but about a month later, her boyfriend received photos and a video that were taken of her that night. She was embarrassed and humiliated, and contacted the police. McAfee admitted to taking the video in which the victim is face down in the bed, unclothed from the waist down, and does not move during the video. The trial court noted during the video it appears the video operator said, "She shouldn't be asleep." The video

also shows McAfee touching the victim in a sexual manner, and the victim did not move in reaction to the touching.

McAfee waived a jury trial, and his case was tried to the bench on December 14, 2012. The trial court filed its decision two weeks later finding McAfee guilty of invasion of privacy—nudity, in violation of Iowa Code section 709.21 (2011), and simple assault, in violation of Iowa Code section 708.2(6). The court sentenced McAfee on February 15, 2013, to one year in jail on the invasion of privacy conviction and thirty days in jail on the simple assault, to be served concurrently. The court imposed the special sentence under Iowa Code section 903B.2, ordered McAfee to register as a sex offender, and imposed a five-year no-contact order.

McAfee appeals.

## II. Scope and Standard of Review.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We "consider all of the record evidence viewed 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *Id.* (citation omitted).

> "[W]e will uphold a verdict if substantial record evidence supports it." We will consider all the evidence presented, not just the inculpatory evidence. Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.

*Id.* (internal citations omitted).

Our review of McAfee's ineffective-assistance claim is de novo. *See State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013). A defendant must prove by a

preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted from this failure. *Id.* If a defendant fails to prove prejudice, we need not address whether the attorney failed to perform an essential duty. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

## III. Insufficient Evidence.

McAfee challenges the sufficiency of the evidence supporting both the invasion of privacy conviction and the simple assault conviction.[1] We will address each challenge separately.

**A. Invasion of Privacy.** In order to sustain a conviction for invasion of privacy—nudity, the State must prove the following elements:

> 1. A person who knowingly views, photographs, or films another person, for the purpose of arousing or gratifying the sexual desire of any person, commits invasion of privacy if all of the following apply:
> a. The other person does not have knowledge about and does not consent or is unable to consent to being viewed, photographed, or filmed.
> b. The other person is in a state of full or partial nudity.
> c. The other person has a reasonable expectation of privacy while in a state of full or partial nudity.

Iowa Code § 709.21. McAfee first challenges the sufficiency of the evidence to prove he took the video of the victim for the purpose of sexual arousal or gratification. He claims instead the video was taken to settle a score with the victim regarding a dispute over marijuana and to show her boyfriend she had

---

[1] While no motion for judgment of acquittal was filed by McAfee, his challenge to the sufficiency of the evidence is preserved in light of the fact the case was tried to the court and not to a jury. *See State v. Petithory*, 702 N.W.2d 854, 856 (Iowa 2005). However, to the extent McAfee challenges the trial court's failure to make specific findings on each element of the offenses in its verdict, he was required to file motion for a new trial, seeking to amend or enlarge, to preserve error. *See State v. Miles*, 346 N.W.2d 517, 519 (Iowa 1984). That was not done in this case, and McAfee alleges on appeal this was due to counsel ineffectiveness. We will therefore address those claims through the ineffective-assistance-of-counsel rubric.

been unfaithful. The video evidence admitted at trial showed the victim unclothed from the waist down, lying face down on the bed. The video showed McAfee and McAfee's girlfriend, who was nude, groping and spreading her buttocks. The photographs admitted into evidence also show a naked McAfee with his finger in the victim's vagina. While the element of intent is rarely provable by direct evidence, we find the evidence in this case sufficient to prove the video was taken to arouse or gratify McAfee's sexual desires. *See State v. Kirchner*, 600 N.W.2d 330, 334 (Iowa 1999) (stating a defendant's intent is seldom capable of proof by direct evidence but the fact finder may determine intent based on reasonable inferences and deductions drawn from the evidence in accordance with common experiences and observation). The fact that McAfee claims his purpose in later using the video was to show the victim's boyfriend the victim had been unfaithful or to settle a score does not detract from the evidence that shows the video was taken to sexually arouse or gratify.

McAfee also asserts the victim had no reasonable expectation of privacy as earlier in the evening she was partially undressed and engaging in sexual acts with two other people. The victim testified she had no knowledge any videos were being taken and she was embarrassed and humiliated when her boyfriend later showed her the video and photographs. The fact she was in a partial state of nudity before she passed out does not negate her expectation of privacy not to be photographed or filmed while in that state. Her expectation of privacy was only curtailed by the acts she consented to and she did not consent to being photographed or video recorded. We therefore find sufficient evidence to support

the conclusion that the victim had a reasonable expectation of privacy not to be photographed or video recorded while in a partial state of nudity.

**B. Simple Assault.** Assault, as defined under the code, includes a person doing an act without justification that is "intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." *See* Iowa Code § 708.1(2)(a). While it is described in the code as a "general intent crime," our supreme court has made it clear that the elements of the crime require the State to prove the defendant had a specific intent. *State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010).

McAfee claims the trial court applied an incorrect legal standard when it stated the crime of assault was a general intent crime. He also asserts the evidence does not support a finding that he had the specific intent to cause pain or injury to the victim or intended his acts to result in contact that would have been insulting or offensive. McAfee claims that if the victim was unconscious at the time of the touching then she could not have been offended by his touching; if the victim was conscious, as he maintains, then she never voiced her displeasure and consented to the touching.

Because McAfee never challenged the court's statement regarding the intent necessary to sustain a conviction for assault through a motion for a new trial or a motion to enlarge or amend, we will address this claim through an ineffective-assistance-of-counsel rubric. If sufficient evidence supports the conclusion that McAfee had the required specific intent, he cannot sustain the prejudice prong of his ineffective-assistance claim.

The victim testified that she was devastated, embarrassed, and humiliated when she saw the photographs and the video. She stated the sexual contact from McAfee was not something she acknowledged or agreed to. She found the images offensive and did not in any way consent to the contact. She went on to say she had never had intimate contact with McAfee in the past and any touching McAfee would have done that night would have been offensive to her. We conclude the record contains sufficient evidence of McAfee's specific intent to offend or insult the victim with his touching. The two had never been intimate before, the victim was unconscious and unable to consent to the touching, and once she was made aware of the contact, she was offended that it had occurred. McAfee also admitted to sending the photographs and video to the victim's boyfriend to settle a score with the victim regarding a dispute over marijuana and to show her unfaithfulness, which McAfee orchestrated through his sexual contact. Purposefully using the photos and video in a malevolent manner only underscores McAfee's knowledge that the victim would be offended or insulted by the acts he performed on the victim, which were captured on the video. Because we find sufficient evidence to support McAfee's specific intent, his ineffective-assistance claim regarding his attorney's failure to challenge the trial court's use of the incorrect legal standard with respect to his intent fails.

**IV. Reading of the Verdict.**

Finally, McAfee asserts it was error for the trial court to file its verdict without first reading its decision in open court in his presence. He claims his attorney rendered ineffective assistance in failing to challenge the district court's failure to read the verdict in his presence, which deprived him of the opportunity

to immediately seek to enlarge the court's findings of fact and conclusions at law. The court's ruling was filed December 27, 2012, and sentencing was held on February 15, 2013.

Our supreme court has stated that the rules of criminal procedure require a trial court to announce its verdict in open court and in the presence of the defendant when a case is tried to the bench. *See State v. Jones*, 817 N.W.2d 11, 19 (Iowa 2012). The court in this case failed to reconvene the proceedings and announce its verdict in McAfee's presence. However, this error can be cured if the court later reads the verdict in open court at a subsequent proceeding such as at sentencing. *Id.* at 20. In this case, the court stated at sentencing on the record, in open court, and in McAfee's presence that it had found McAfee "guilty of Invasion of Privacy, Nudity in violation of section 709.21 of the Code of Iowa as well as Simple Assault, in violation of 708.2(6) of the Code of Iowa." Because the trial court later cured the earlier error of failing to render the verdict on the record in the presence of the defendant, McAfee is not entitled to any further relief. *See id.*

**V. Conclusion.**

Having found sufficient evidence to support his convictions and found the trial court cured its error in failing to initially read its verdict on the record in the presence of the defendant, we affirm his convictions and sentence.

**AFFIRMED.**