# IN THE COURT OF APPEALS OF IOWA

No. 16-0589
Filed April 5, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CARLOS ENAMORADO MELENDEZ,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie Kunkle Vaudt (pretrial orders) and Paul D. Scott (bench trial), Judges.

        Carlos Melendez appeals his judgment and sentence for sexual abuse in the second degree. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Richard J. Bennett, Special Counsel, for appellee.

        Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

The State charged Carlos Melendez with sexual abuse in the second degree, in violation of Iowa Code sections 709.1(1), 709.1(3), and 709.3 (2015), upon allegations Melendez sexually abused his girlfriend's eleven-year-old daughter on multiple occasions. Melendez pled not guilty, waived his right to a jury trial, and stipulated to a bench trial on the minutes of testimony. Following trial, the district court found Melendez guilty as charged; the court's order contained the following "findings of fact":

> Between April of 2014 through April of 2015, the Defendant was in Polk County, Iowa, engaged in sexual intercourse with E.H., an eleven-year-old girl. The Court finds that the Defendant engaged in sexual contact with the child by force and against her will including sexual contact between the Defendant's genitals and the child's genitals. THE DEFENDANT IS FOUND GUILTY TO SEXUAL ABUSE IN THE SECOND DEGREE IN VIOLATION OF IOWA CODE 709.1 & 709.3.

Melendez requested immediate sentencing, and the court sentenced him to a prison term of up to twenty-five years.

Melendez appeals, claiming the district court's findings of fact do not support his conviction. To preserve a challenge to the sufficiency of the court's findings of fact, Melendez was required to file a motion for a new trial seeking amendment or enlargement of the court's findings and conclusions. *See State v. Miles*, 346 N.W.2d 517, 519 (Iowa 1984). Melendez's failure to file such a motion waives this claim on appeal. *See id.* Anticipating our conclusion, Melendez asks us to overrule the supreme court's holding in *State v. Miles* to the extent it requires a motion for new trial as a precondition for challenging the sufficiency of the court's findings of fact. Because we are not free to ignore controlling

supreme court precedent, *see State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014), we decline to entertain Melendez's request.

Melendez alternatively contends his trial counsel was ineffective in failing to file a motion for new trial challenging the district court's findings of fact. We review ineffective-assistance claims de novo. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). To succeed on his claim, Melendez must show (1) the breach of an essential duty and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element." *Dempsey*, 860 N.W.2d at 868. We ordinarily preserve ineffective-assistance claims for possible postconviction-relief proceedings, *see State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015), but this record is adequate to reach the merits of Melendez's claim.

Specifically, Melendez claims the court's findings of fact are inadequate because they are "conclusory." In addition to the court's written findings of fact set forth above, the court also provided the following findings of fact and conclusions of law on the record at the stipulated bench trial:

> I have reviewed the Minutes of Testimony, I have reviewed the police reports that are attached thereto and the supplemental notes that are inclusive of the Minutes of Testimony. And I do find that the Minutes of Testimony support beyond a reasonable-doubt finding that on—excuse me—that from on or about April 2014 through April 2015 that you performed a sex act with E.H., that being the penetration of the vagina by your penis, that E.H. was under the age of 12, and that the act was performed by force against her will, and that the act did occur here in Polk County.

Upon our review, we conclude the court's findings of fact were sufficient to sustain Melendez's conviction for sexual abuse in the second degree. *See* Iowa Code §§ 709.1(1), 709.1(3), 709.3(1)(b) (setting forth the elements required for a

conviction of second-degree sexual abuse); *see also* Iowa R. Crim. P. 2.17(2) ("In a case tried without a jury the court shall find the facts specially and on the record, separately stating its conclusions of law and rendering an appropriate verdict."). Insofar as Melendez challenges the court's findings of fact as failing to articulate "specific intent and/or a domestic relationship," we find this claim unpersuasive where neither specific intent nor a domestic relationship is an element of the crime at issue. Because counsel cannot be ineffective for failing to make a meritless claim,[1] *see Tompkins*, 859 N.W.2d at 637, Melendez's ineffective-assistance claim necessarily fails.

Upon consideration of the issues raised on appeal, we affirm Melendez's judgment and sentence for sexual abuse in the second degree.

**AFFIRMED.**

---

[1] We further note, upon our review of the minutes of testimony, the minutes prove Melendez's guilt beyond a reasonable doubt. Accordingly, there is no reasonable probability of a different result, and Melendez suffered no prejudice as a result of his counsel's alleged breach of an essential duty.