# IN THE COURT OF APPEALS OF IOWA

No. 18-1703
Filed May 13, 2020

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**RAUL V. RUIZ JR.,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

 Raul Ruiz Jr. appeals his conviction of failure to comply with sex offender registry requirements, second or subsequent offense, as an habitual offender. **AFFIRMED.**

 Eric D. Tindal of Keegan Tindal & Mason, Iowa City, for appellant.

 Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

 Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

When Raul Ruiz Jr. was a teen, an Illinois court convicted him of a crime that required him to register as a sex offender.  Ruiz subsequently moved to Scott County and registered as a sex offender.  In the ensuing years, he thrice pled guilty to failure to register a new address or otherwise comply with Iowa's registration requirements.[1]

In 2018, the State charged Ruiz with failure to comply with sex offender registry requirements, second or subsequent offense, as an habitual offender.  Ruiz waived his right to a jury trial.  Following a bench trial, the district court found him guilty as charged.  The court sentenced him to prison and ordered the sentence to run consecutively to the sentences imposed in prior cases.

On appeal, Ruiz arghues (1) there was insufficient evidence to establish he "knowingly" failed to comply with the registry requirements; (2) the district court's findings of fact were inadequate; (3) the district court erred in concluding that Iowa Code section 901.8 (2018) required the imposition of consecutive sentences; (4) the conviction was void because of "extrinsic fraud"; (5) the district court erred in interpreting Iowa Code section 692A.103(1) to require registration; and (6) the district court lacked territorial jurisdiction.

## I.    *Sufficiency of the Evidence*

Iowa Code section 692A.104(2) states: "A sex offender shall, within five business days of changing a residence, employment, or attendance as a student, appear in person to notify the sheriff of each county where a change has occurred."

---

[1] Ruiz's obligation to register as a sex offender was extended based on his several incidents of noncompliance.

Section 692.111(1) states in pertinent part, "For purposes of this subsection, a violation occurs when a sex offender knows or reasonably should know of the duty to fulfill a requirement specified in this chapter as referenced in the offense charged." Iowa Code § 692.111(1); *see State v. Adams*, No. 09-1499, 2010 WL 3894440, at *7 (Iowa Ct. App. Oct. 6, 2010) (stating with respect to knowledge requirement, "the State had to establish [the defendant] knew or should have known of *the duty to register a residence change*. The State did not have to prove [defendant] knew or should have known his sojourn at his fiancee's constituted a change of 'residence'").

> The district court made the following written findings:

> The Court, having found the witnesses presented by the State to be credible, and after considering their testimony, the exhibits, and arguments of counsel, determines the State has proved the elements of the offense charged beyond a reasonable doubt. The State further has established Defendant is the same person who committed the prior convictions, and that he was represented by counsel for each, for purposes of proving this is a second or subsequent offense and Defendant is an habitual offender. Therefore, the Court now finds the defendant guilty of the charge under Count 1, Failure to Comply with Sex Offender Registry Requirements, second or subsequent offense, as an habitual offender. This is a violation of Iowa Code sections 692A.103(1), 692A.104(4), 692A.111(1), 902.8, and 902.9(3).

The findings are supported by substantial evidence. *See State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018). Specifically, a third-shift residential officer at a work release center where Ruiz was housed testified that Ruiz went to work and did not return to the facility. A Scott County deputy sheriff in charge of the sex offender registry testified Ruiz never came to his office to list a change of address as required after he left the work release center. Finally, a judicial specialist with the Scott County Clerk's office provided a collection of documents pertaining to

criminal cases involving Ruiz. Based on this evidence, we conclude the State proved the elements of the offense, including the knowledge element. *See Hutchison v. Shull*, 878 N.W.2d 221, 230–31 (Iowa 2016) (stating, "As the finder of fact, weighing the proffered testimony and determining its credibility was the district court's duty" and finding substantial evidence to support the district court's implicit finding); *State v. Miles*, 346 N.W.2d 517, 519 (Iowa 1984) (presuming the finding of any facts supported by the record that would warrant the judgment); *see also State v. Arrington*, No. 16-0584, 2016 WL 6270057, at *1 (Iowa Ct. App. Oct. 26, 2016) (finding a factual basis for a guilty plea to the crime of failing to register based on an indication in the minutes of evidence that the defendant "was informed of the reporting requirements when he registered in June 2014, and he failed to register thereafter"); *State v. Holmes*, No. 14-0622, 2015 WL 576088, at *3 (Iowa Ct. App. Feb. 11, 2015) (finding a "factual basis in the record to support a finding the defendant knew or should have known of his legal duty to report a change in his employment status"); *State v. Krugle*, No. 02-0083, 2002 WL 31883017, at *1–2 (Iowa Ct. App. Dec. 30, 2002) (finding the defendant's "prior registrations in January and July 1997 were sufficient to establish that he knew of his obligations under chapter 692A").

## II. *Sufficiency of District Court's Fact Findings*

Ruiz argues he was prejudiced by the district court's failure to make "findings concerning whether he was knowingly required to register." The State responds that "[b]ecause Ruiz never challenged the sufficiency/specificity of the trial court's findings and conclusions below, he cannot do so now." The supreme court held just that in *Miles*, 346 N.W.2d at 519. The court stated:

> A defendant in a bench-tried criminal case who has not filed a motion for new trial seeking amendment or enlargement of the court's findings and conclusions cannot rely on appeal on the insufficiency of those findings and conclusions to support the court's decision so long as the evidence would support the necessary additional findings and conclusions. Therefore defendant is precluded from attacking the sufficiency of the trial court's findings of fact, as distinguished from the sufficiency of evidence to support necessary findings, unless excused from raising the issue in the trial court by ineffective assistance of counsel.

*Miles*, 346 N.W.2d at 519. Although Ruiz filed a motion for enlarged findings and a motion in arrest of judgment and he argued both motions at sentencing, neither his written nor oral statements alluded to the absence of a finding on the knowledge requirement. Accordingly, Ruiz is foreclosed from attacking the claimed omission on direct appeal.

That said, "[a] defendant is not required to seek an enlargement of the facts and findings following a bench trial in order to challenge the sufficiency of the evidence supporting a conviction on appeal." *State v. Pettyjohn*, No. 17-1236, 2018 WL 3650335, at *4 (Iowa Ct. App. Aug. 1, 2018). Ruiz's challenge to the fact findings is essentially a challenge to the sufficiency of the evidence, a challenge we have found unpersuasive.

## III. *Consecutive Sentences*

Iowa Code section 901.8 states in pertinent part, "If a person is sentenced for . . . a crime committed while confined in a detention facility or penal institution, the sentencing judge shall order the sentence to begin at the expiration of any existing sentence." The district court initially ordered Ruiz's sentence to be served concurrently with terms imposed in two other criminal cases. The State filed a motion to correct an illegal sentence. The State asserted that Ruiz "was an inmate

of the Iowa Department of Corrections . . . assigned to the Davenport Work Release Center" and "Iowa Code section 901.8 required the court to sentence [him] to a term of incarceration consecutive to the sentences previously imposed . . . because his crime was committed while confined in a detention facility or penal institution." (Internal quotations and citation omitted.) The court granted the motion and ordered the prison term to be served consecutively to the term Ruiz was serving in two other cases.

Ruiz challenges the ruling. He asserts (1) "a person confined to a penal institution is not required to register"; (2) old precedent interpreting "while confined" to include commitments to a work release facility undercuts "the plain meaning rules of statutory interpretation"; and (3) he "could not have committed the offense if he was confined in the work release center as that was his registered address."

In fact, Iowa Code section 692A.103(1)(b) requires a sex offender to register "[f]rom the date of release on parole or work release." And, precedent and persuasive authority support the district court's conclusion that work release was confinement "in a detention facility or penal institution." *See State v. Jones*, 298 N.W.2d 296, 298 (Iowa 1980) (holding an escapee was "confined" within the meaning of section 901.8 and a consecutive sentence was mandated); *Wayman v. State*, No. 13-1850, 2014 WL 7343428, at *3 (Iowa Ct. App. Dec. 24, 2014) (concluding the postconviction-relief applicant "was 'confined' to a 'detention facility or penal institution' while on work release" and "[a]s such, the district court was required, under section 901.8, to sentence [the applicant] to consecutive sentences"); *State v. Jackson*, No. 13-1105, 2014 WL 3747680, at *3–4 (Iowa Ct. App. Jul. 30, 2014) ("[W]e find Jackson was 'confined' to a 'penal institution' while

on work release."); *State v. Kincaid*, No. 07-1129, 2008 WL 2746477, at *2 (Iowa Ct. App. July 16, 2008) (concluding crime committed while a defendant was on day programming through a residential facility was "a crime committed while confined in a detention facility or penal institution," requiring the imposition of consecutive sentences under section 901.8). Finally, Ruiz could and did commit the offense of failing to comply with the sex offender registry requirements when he neglected to inform the sheriff of his change of residence, notwithstanding the fact that the work release facility remained his registered address. *See* Iowa Code § 692A.104(2). The district court did not err in requiring the sentence to be served consecutively.

## IV.     *Extrinsic Fraud*

Ruiz argues "[t]he [j]udgment of [c]onviction . . . is VOID having been based on extrinsic fraud" because the State of Iowa's prosecution for registration violations was "based solely upon an assumed registration requirement from another jurisdiction." As the district court stated in a pretrial ruling, Ruiz is "attempting to collaterally attack his underlying Illinois conviction and an [underlying] administrative decision of the Iowa Department of Public Safety." The court concluded, "Neither [is] appropriate to this context." We discern no error in the court's conclusion. *See Schott v. Schott*, 744 N.W.2d 85, 88 (Iowa 2008) ("We have repeatedly said a final judgment is conclusive on collateral attack, even if the judgment was erroneous, unless the court that entered the judgment lacked jurisdiction over the person or the subject matter.").

## V.      *Interpretation of Section 692A.103(1)*

Ruiz asserts Iowa Code section 692A.103 did not require him to register. To the contrary, section 692A.103(1) states "an offender required to register in

another jurisdiction under the other jurisdiction's sex offender registry, shall register as a sex offender as provided in this chapter if the offender resides, is employed, or attends school in this state." As noted, the State of Iowa found Ruiz was required to register in Iowa based on the Illinois registration obligation, a finding that was not subject to collateral attack in this proceeding.

Ruiz also raises constitutional challenges to the statute and its application. Those arguments are insufficiently developed to permit resolution and, in any event, also amount to an impermissible collateral attack on the determination that he was required to register in Iowa.

## VI. Territorial Jurisdiction

"State territorial jurisdiction is an essential element of the crime." *State v. Liggins*, 524 N.W.2d 181, 184 (Iowa 1994). Ruiz contends, "The State . . . lacked [t]erritorial [j]urisdiction to criminally prosecute [him]." To the contrary, Iowa exercised jurisdiction over Ruiz based on violations he committed in Scott County. As the district court stated, "[T]his Court manifestly has jurisdiction over an alleged violation of Iowa law regarding failure to register as a sex offender."

We affirm Ruiz's judgment and sentence.

**AFFIRMED.**